UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE
COMMISSION,

                     Plaintiff,

      v.                                                     09 Civ. 4346 (PGG)

RESERVE MANAGEMENT COMPANY, INC.,        ECF CASE
RESRV PARTNERS, INC., BRUCE BENT SR.
and BRUCE BENT II,                                     **ORDER**

                     Defendants,
   and

THE RESERVE PRIMARY FUND,

                     Relief Defendant.
------------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/8/09

PAUL G. GARDEPHE, U.S.D.J.:

        The Securities and Exchange Commission filed this action on May 5, 2009, seeking, <u>inter alia</u>, injunctive relief regarding the future distribution of assets from Relief Defendant The Reserve Primary Fund ("Primary Fund"). The Commission now requests that this Court enter an order (1) directing it and the Primary Fund to publish notice to all potential objectors of the final relief the Commission seeks; and (2) compelling all individuals and entities with any claims upon Primary Fund assets who object to the final relief proposed by the Commission to register their objections with this Court. The Commission also seeks an order enjoining the Primary Fund – pending a hearing on the Commission's application for final relief – from distributing any Fund assets, other than for <u>pro rata</u> distributions to investors and for ordinary and necessary expenses. The Primary Fund has consented to the Commission's proposed scheduling order (May 5 Tr. 8-10) and has entered into a consent order concerning the

proposed injunction. (June 3, 2009 Stipulation and Order) The remaining defendants do not oppose entry of the Commission's proposed scheduling order.[1] (Lori A. Martin letter to Court dated May 11, 2009) For the reasons stated below, this Court issues the scheduling order proposed by the Commission and has entered the consent order submitted by the Commission and the Primary Fund.

## BACKGROUND FOR THE COMMISSION'S APPLICATION

This action arises from the demise of the Primary Fund, a money market fund that held $785 million in debt securities issued by Lehman Bros. Holdings, Inc. As a result of Lehman Bros.'s anticipated and actual bankruptcy filing in mid-September 2008, the per-share net asset value ("NAV") of the Primary Fund fell below $1.00. As word of Lehman Bros.'s imminent bankruptcy spread in mid-September 2008, the Primary Fund experienced a "run on the bank." The Primary Fund suspended redemptions on September 16, 2008. (Osnato Aff., Ex. 14) While over the past eight months the Primary Fund has, under Commission supervision,[2] distributed $46.1 billion in Fund assets, an estimated $4.5 billion remains to be distributed.[3]

---

[1] Counsel for the Independent Trustees of the Primary Fund appeared at the May 5, 2009 hearing in this matter and stated that they likewise do not oppose the relief sought by the Commission. (May 5 Tr. 10-11)

[2] See Order Temporarily Suspending Redemption of Investment Company Shares and Postponing Payment for Investment Company Shares, Investment Company Act Release No. 28,386, 73 Fed. Reg. 55,572 (Sept. 22, 2008) (granting request for exemption from section 22(e) of the Investment Company Act with respect to the Reserve Primary and Government Funds, based on The Reserve Fund's representation that it would "create a plan for the orderly liquidation of each Fund's assets to meet redemption requests and for the appropriate payments to each Fund's shareholders, including those whose redemption orders have been received but not yet paid, which plan is subject to Commission supervision").

[3] Press Release, The Reserve, Reserve Primary Fund Makes Fourth Distribution of $2.3 Billion to Primary Fund Shareholders (Apr. 17, 2009) ("To date, $46.1 billion . . . of Fund assets . . . has been returned to investors" and "[a]pproximately $4.5 billion remains in the Fund, which

2

The drop in the NAV of the Primary Fund, and the suspension of redemptions, led to the filing of numerous class and individual actions, most of which have been consolidated for pre-trial purposes before this Court. See In Re: The Reserve Fund Securities and Derivative Litigation, 09 MD 2011. In light of this litigation, the Board of Trustees of the Primary Fund announced on February 26, 2009, that it had created a special reserve of $3.5 billion to satisfy "(a) anticipated costs and expenses of the Fund, including legal and accounting fees; (b) pending and threatened claims against the Fund, its officers and Trustees; and (c) claims, including but not limited to claims for indemnification that could be made against Fund assets." (Osnato Aff., Ex. 1)

To date, Primary Fund assets have been paid out on a pro rata basis to those shareholders who were not fully paid for shares they beneficially owned on or after September 15, 2008 ("Unpaid Shareholders"). The Unpaid Shareholders have received approximately 89 cents on the dollar. (SEC Br. 3) The Commission contends that if all remaining Primary Fund assets were distributed on a pro rata basis to all Unpaid Shareholders, investors would recover approximately 98.4 cents per share. (Id.)

In this action, the Commission seeks an order providing for the continued pro rata distribution of the remaining Primary Fund assets to all Unpaid Shareholders, and objects to the creation of the $3.5 billion reserve fund.[4] With respect to the creation of the reserve fund, the Commission argues that protracted litigation will dissipate the limited remaining Primary Fund assets and creates the possibility of conflicting judgments, in which some shareholders might

---

includes the Lehman Brothers Holdings Inc. securities held in the Fund, which are valued at zero.").
[4] The Commission's proposed distribution plan and request for injunctive relief is set forth in the attached Appendix.

3

obtain a greater proportional distribution than others, resulting in a non-pro rata distribution of Primary Fund assets to shareholders of the same class. (SEC Br. 4) With respect to pro rata distribution, the Commission argues that it would not be fair to make any distinction among Unpaid Shareholders, because of statements made by the non-relief Defendants on September 15 and 16, 2008, that may have lulled investors, rating agencies, and the Primary Fund's Board into a false sense of security that the management company would take steps to preserve the Primary Fund's $1.00 NAV. The Commission contends that a pro rata distribution is necessary in order to "avoid forcing any particular group of redeemers to bear the brunt of the Primary Fund losses and [to] achieve the most fair and equitable result." (Id. at 6-7, 16-17; Osnato Aff., Exs. 16, 17, 19, 24, 31, 33, 37)

The Commission also seeks an order enjoining certain claims against Primary Fund assets. Under the Commission's proposal, all claims against Primary Fund assets, including shareholder claims against the Primary Fund, any of the Defendants, or any of the Defendants' officers, directors, trustees, representatives, agents or employees that are subject to indemnification by the Primary Fund would be enjoined. Claims not subject to indemnification by the Primary Fund would not be affected by the Commission's proposed injunction.

## DISCUSSION

Under Section 25(c) of the Investment Company Act of 1940, district courts are authorized to "enjoin the consummation of any plan of reorganization of [a] registered investment company . . . if such court shall determine that any such plan is not fair and equitable to all security holders." 15 U.S.C. § 80a-25(c). Section 2(a)(33)(E) of the Investment Company Act defines a "plan of reorganization" as a "voluntary dissolution or liquidation of a company." 15 U.S.C. § 80a-2(a)(33)(E). Finally, Section 21(d)(5) of the Exchange Act provides: "In any

4

action or proceeding brought or initiated by the Commission under any provision of the securities laws, the Commission may seek, and any Federal court may grant, any equitable relief that may be appropriate or necessary for the benefit of investors." 15 U.S.C. § 78u(d)(5). The Commission's Complaint, supporting affidavit and exhibits, and memorandum of law constitute a sufficient legal and factual showing, at this stage, that (1) there are competing claims to the Primary Fund's remaining assets, resulting in litigation that could dissipate those assets; (2) the Primary Fund's proposed plan of distribution might subject the Fund's remaining assets to a risk of inconsistent claims and judgments; and (3) a pro rata distribution of the Primary Fund's remaining assets to Unpaid Shareholders might lead to a more fair and equitable plan of distribution than that proposed by the Primary Fund. Accordingly, notice will be given to all of the Primary Fund's claimants[5] and investors of the Commission's proposal; they will be given an opportunity to object to the terms of the Commission's proposal; and a hearing will be held to consider whether, pursuant to Section 25(c) of the Investment Company Act of 1940, this Court should enjoin the Primary Fund's stated plan of distribution and approve the Commission's Proposed Plan of Distribution. See Appendix.

Accordingly, **IT IS HEREBY ORDERED** that

1. by June 15, 2009, the Commission shall post copies of this Order, including the Appendix hereto, and the Commission's "Memorandum of Law in Support of Its Proposed Order to Show Cause and Application for Injunctive and Other Relief" dated May 26, 2009, on the Commission's web site, www.sec.gov, and serve copies of the same by overnight courier on the Defendants and all parties in the actions consolidated for pretrial proceedings pursuant to 28 U.S.C. § 1407 in the multidistrict litigation captioned In Re: The Reserve Fund Securities and Derivative Litigation, 09 MD 2011;

---

[5] For the purposes of this Order, any reference to "claimants", "claims", and/or "interested parties" shall not include state securities regulators. A stipulation or other written form of understanding will be entered into between state securities regulators and the Commission by which state securities regulators have agreed not to seek relief which would contradict the Commission's proposed final fair and equitable pro rata distribution plan of Primary Fund assets.

5

2. by June 15, 2009, the Primary Fund will post on its website, www.ther.com, copies of this Order, including the Appendix thereto, and the Commission's "Memorandum of Law in Support of Its Proposed Order to Show Cause and Application for Injunctive and Other Relief;"

3. by June 15, 2009, the Commission will issue a press release that announces the entry of this Order and directs investors to the SEC's website and the Reserve's website for additional information;

4. by June 15, 2009, the Primary Fund will issue a press release that announces the entry of this Order and directs investors to the SEC's website and the Reserve's website for additional information;

5. by June 22, 2009, the Primary Fund will mail copies of this Order, including the Appendix thereto, to all individuals or entities that were record owners of shares of the Primary Fund on September 15, 16, 17, or 18, 2008.

6. by July 22, 2009, all claimants against the assets of the Primary Fund, the Defendants, or any of their respective officers, directors, trustees, representatives, agents or employees, shall file any objections to the entry of the relief sought by the Commission, including a statement of his, her or its claim and the basis for such claim ("Objections") by filing such Objections with the Court, with copies of such Objections delivered to Commission counsel, Nancy A. Brown, Esq., Securities and Exchange Commission, 3 World Financial Center, New York, New York 10281;

7. by August 21, 2009, the Commission and the Relief Defendant shall file their respective responses, if any, to the Objections, and serve a copy of their respective responses to the party submitting any Objection; and

8. this Court will hold a hearing on the Commission's Application for Injunctive and Other Relief and Approval of Proposed Plan of Distribution at 9:30 a.m. on September 23, 2009, in Courtroom 18B of the United States Courthouse, 500 Pearl Street, New York, New York.

Dated: New York, New York
June 8, 2009

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

## APPENDIX

## TERM SHEET OF THE COMMISSION'S PROPOSED PLAN OF DISTRIBUTION

The Commission proposes a Plan of Distribution that contains the following terms:

1. Appointment of a Monitor, proposed by the Commission and approved by the Court, with responsibility for oversight of the liquidation and distribution of the Primary Fund assets (the "Res"), and whose fees will be paid out of the Res.

2. Distribution of the Res, within 20 days of the liquidation of assets deemed sufficient by the Monitor to justify a distribution to Primary Fund Shareholders whose shares have not been fully redeemed since September 15, 2008 ("Unpaid Shareholders") on a pro rata basis.

3. Entry of a permanent injunction against any and all claims,[6] matured or unmatured, asserted or unasserted, directly or indirectly against the Res, including all shareholder claims against the Primary Fund or any of the Defendants, and their respective officers, directors, trustees, representatives, agents or employees, that are subject to indemnification by the Primary Fund. Accordingly:

    a. All claims for which the Primary Fund or any Defendant, or any of their respective officers, directors, trustees, representatives, agents or employees, would be entitled to indemnification from the Res, under the Primary Fund's by-laws, or other documents relevant to the scope of the Primary Fund's indemnification obligations, governing state or federal law, or otherwise, will be enjoined.

    b. All claims against individuals and entities, including the Primary Fund and the Defendants, or any of their respective officers, directors, trustees, representatives, agents or employees, for conduct relating to the Primary Fund that results from any such individual's or entity's willful misfeasance, bad faith, or gross negligence, in the performance of his duties, or by reason of his reckless disregard of his obligations and duties ("Non-Indemnifiable Conduct") will not be enjoined.

    c. The Primary Fund shall make available proceeds from any applicable insurance policies to reimburse defense costs arising out of claims involving

---

[6] For the purposes of this Term Sheet, any reference to "claimants," "claims," and/or "interested parties" shall not include state securities regulators. A stipulation or other written form of understanding will be entered into between state securities regulators and the Commission by which state securities regulators have agreed not to seek relief which would contradict the Commission's proposed final fair and equitable pro rata distribution plan of Primary Fund assets.

7

Non-Indemnifiable Conduct for any individual or entity otherwise entitled to such indemnification for such defense costs under the Primary Fund's by-laws, or other documents relevant to the scope of the Primary Fund's indemnification obligations, governing state or federal law, or otherwise. Such funds will only be utilized to reimburse claimants under the policies for costs (i) arising out of the successful defense of claims alleging Non-Indemnifiable Conduct, and (ii) incurred by non-parties to any action alleging Non-Indemnifiable Conduct where those non-parties are entitled to indemnification for their costs or expenses under the Primary Fund's by-laws, or other documents relevant to the scope of the Primary Fund's indemnification obligations, governing state or federal law, or otherwise.