```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 11/5/09
```

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SECURITIES AND EXCHANGE           :
COMMISSION,                       :
                                  :
                Plaintiff,  :
                                  :
v.                                :   09 Civ. 4346 (PGG)
                                  :
RESERVE MANAGEMENT COMPANY, INC., :   ECF CASE
RESRV PARTNERS, INC., BRUCE BENT SR. :
and BRUCE BENT II,                :   **ORDER**
                                  :
                Defendants,  :
  and                             :
                                  :
THE RESERVE PRIMARY FUND,         :
                                  :
                Relief Defendant.  :
-----------------------------------------------------------------x

PAUL G. GARDEPHE, U.S.D.J.:

        On September 23, 2009, this Court held a hearing on the Security and Exchange Commission's Application for Injunctive and Other Relief and Approval of Proposed Plan of Distribution (the "Plan"). The Court heard from the Commission, the Relief Defendant, the Independent Trustees of the Fund, and the Defendants, as well as from all claimants who wished to make statements in favor of, or in opposition to, the Plan.

        In its Plan, the Commission has proposed that this Court appoint a Monitor to undertake a number of duties, the core of which include (1) oversight of the prompt and appropriate liquidation and distribution of assets of the Primary Fund on a pro rata basis; (2) review of any claims by the Primary Fund's adviser or distributor for management fees and expenses associated with the Primary Fund, and making a recommendation to this Court as to what amount of these fees and expenses should be paid by the Fund; (3) review of any claims by Primary Fund indemnitees for indemnification expenses, and making a recommendation to this

Court of an amount appropriate to be held in reserve to satisfy such claims at a future date; and (4) oversight of the payment of management fees and expenses and indemnification expenses.

Following the September 23, 2009 hearing, this Court ordered that the Commission submit a list of individuals it recommended for appointment as Monitor, in the event that the Commission's Plan was approved. On October 8, 2009, this Court held a telephone conference to discuss the Commission's recommendations with the parties to this action, with a particular focus on the candidates' potential conflicts of interest. Given that the Primary Fund was widely used by many large corporations for cash management, it has become apparent that any lawyer practicing at a large law firm is likely to have a conflict of interest, because firm clients will have a claim on Fund assets.

In addition to the conflict of interest issue, it is clear that the duties of the Monitor will likely continue for a prolonged period of time. While the Court has been informed that a pro rata distribution of the remaining assets of the fund could be conducted expeditiously – given the Fund's prior distributions over the past year – other duties of the Monitor could continue long after the pro rata distribution has occurred. In particular, the adviser's claim for management fees and expenses, and the claims for indemnification, are likely to raise complex legal issues. The Plan also gives the Monitor a continuing role in overseeing payment from an Expense Fund, which is to be created from Fund assets and utilized to pay indemnification expenses and management fees and expenses. In the event that the Commission is successful in obtaining disgorgement or other financial penalties against the Defendants, the Plan proposes that the Monitor will be responsible for overseeing a pro rata distribution to shareholders of any funds thereby obtained. In short, the Commission's Plan envisions ongoing supervision and involvement in the affairs of the Primary Fund for an undefined period of time. Finally, the

Court has considered the additional expense that would be borne by shareholders in the event that an outside Monitor was appointed, acknowledging that the Fund is in liquidation.

Given the conflict of interest problem, the complex legal issues that will be raised by the claims for management fees and expenses and indemnification, the time period in which supervision will be necessary, and the expenses associated with the appointment of an outside monitor, the Court is considering referring to a Magistrate Judge the Monitor duties discussed above.

It is hereby ORDERED that there will be a conference in this matter at 2:30 p.m. on November 9, 2009, in Courtroom 18B of the United States Courthouse, 500 Pearl Street, New York, New York, to discuss whether the Monitor duties set forth in the Commission's Plan would more properly be handled by a Magistrate Judge.

Dated: New York, New York
       November 5, 2009

SO ORDERED.

Paul G. Gardephe
United States District Judge