# DEWEY & LEBOEUF

Dewey & LeBoeuf LLP
1101 New York Avenue, NW
Washington, DC 20004-1405

tel +1 212 259 8555
fax +1 212 649 0953
cclark@dl.com

Docket +
File

December 7, 2009

**BY FAX**

Honorable Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/8/09

Re: *SEC v. Reserve Management Company, Inc., et al.*, No. 09 Civ. 4346 (PGG)

Dear Judge Gardephe:

      We represent defendants Reserve Management Company, Inc. ("RMCI"), Resrv Partners, Inc., Bruce R. Bent, Sr., and Bruce R. Bent II (together, "Defendants") in the above-captioned action. We write in response to the letter sent by the Securities and Exchange Commission ("SEC") to the Court on December 2, 2009 regarding the Court's November 25, 2009 Order (the "Order").

      Defendants concur with the Independent Trustees in their view of the Order, as set forth in their letter to the Court dated December 3, 2009. Our reading of the Order is not that it "requires" that distribution of Fund assets commence without further delay. Rather, we take the Court's footnoted reference in the Memorandum Opinion of November 25, 2009 ("Opinion") to an "*expectation*" that Fund assets will be distributed to investors within 60 days of the Order to be just that. In other words, it appears to us that the Court expected prompt distribution of Fund assets but left open the possibility it might take longer, and for that reason the Court's Opinion and Order did not establish any firm deadlines for the distribution.

      The Order's silence on the exact timing of the distribution is appropriate. There remain substantial challenges to the distribution. One is the treatment of "straddler" investors. The Opinion requires the gathering and analysis of a very substantial amount of information regarding various classes of straddler investors and how each class is to be treated. We have

NEW YORK | LONDON MULTINATIONAL PARTNERSHIP | WASHINGTON, DC
ALBANY | ALMATY | BEIJING | BOSTON | BRUSSELS | CHICAGO | DOHA | DUBAI
FRANKFURT | HONG KONG | HOUSTON | JOHANNESBURG (PTY) LTD. | LOS ANGELES | MADRID | MILAN | MOSCOW
PARIS MULTINATIONAL PARTNERSHIP | RIYADH AFFILIATED OFFICE | ROME | SAN FRANCISCO | SILICON VALLEY | WARSAW

Honorable Paul G. Gardephe
December 7, 2009
Page 2

diligently been working on this since the issuance of the Opinion, and are still working on it, with an eye to resolving these matters as quickly as possible.

Another challenge is otherwise determining the amount available for distribution, which is not clear and likely will remain unclear for some time. The Opinion and Order do not bar non-indemnifiable claims, nor do they establish a bar date for cases alleging non-indemnifiable conduct. Suits therefore will proceed against Defendants for alleged non-indemnifiable conduct (*e.g.*, alleged fraud). In connection with those suits Defendants (as indemnitees) will be compelled to seek indemnification, including, at a minimum, advancement of defense costs, from the Expense Fund. The amount of those indemnification expenses likely will be very substantial, and the $83.5 million the Order directs "shall be set aside *initially*" (emphasis added) for the Expense Fund (together with amounts provided for by Paragraph 5(d)(iii) of the Order) therefore could easily prove inadequate. Accordingly, consideration will need to be given to increasing the Expense Fund, which will of course result in a corresponding diminution – at least until the final resolution of all unbarred litigation – in the amount of Fund assets available for distribution.

Although the SEC previously proposed that $83.5 million was a sufficient amount to set aside for the Expense Fund, that estimate was presumably predicated on a bar being imposed 45 days after the issuance of the Order on claims for non-indemnifiable conduct. The SEC had been seeking this bar by its Application for Injunctive and Other Relief and Approval of Proposed Plan of Distribution. However, as noted, the Court did not impose such a bar. Neither the SEC nor any other party can seriously dispute that the Court's rejection of the SEC's proposal to bar non-indemnifiable claims could lead to a very substantial increase in the amount of indemnification costs that was previously estimated would be claimed by indemnitees.

Finally, there exists the issue of how the expenses associated with the ordered distribution will be paid. As we alerted the Court in our November 25, 2009 letter, there is no fee arrangement in place for the services RMCI has dutifully been performing for the Fund since September 2009. RMCI has not been paid for those services and has been paying for the operation of the Fund out of its own pocket. (In addition, RMCI has not been paid the bulk of management fees due RMCI for services rendered through September 2009.) This is an untenable situation, and we intend to file a motion on this issue within the next day. The resolution of this issue also could affect the timing of the distribution.

Defendants believe the distribution of Fund assets should proceed with all deliberate speed. Defendants respectfully submit that the Order *appropriately* does *not* establish an artificial deadline for distribution of Fund assets, and that the Court should so clarify in response to the SEC's December 2, 2009 letter. Should Your Honor be inclined to take a different view of the Order, Defendants respectfully request a conference before the Court to address the matter and/or the opportunity to present a written submission to the Court thereon.

Honorable Paul G. Gardephe
December 7, 2009
Page 3

Respectfully,

*Chris Clark* /cr

Christopher J. Clark

cc: Mark Holland, Esq.
    Tariq Mundiya, Esq.
    Nancy A. Brown, Esq.
    Michael D. Birnbaum, Esq.