UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re THE RESERVE FUND SECURITIES AND DERIVATIVE LITIGATION | 09 MD 2011 (PGG) |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RESERVE MANAGEMENT COMPANY, INC., RESRV PARTNERS, INC., BRUCE BENT SR. and BRUCE BENT II,<br><br>Defendants,<br><br>and<br><br>THE RESERVE PRIMARY FUND,<br><br>Relief Defendant. | No. 09 Civ. 4346 (PGG)<br><br>ECF Case |

**THE INDEPENDENT TRUSTEES' MEMORANDUM
REGARDING ALLOCATION OF THE EXPENSE FUND
FOR INDEMNIFICATION EXPENSES**

GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

*Attorneys for the Independent Trustees
of Relief Defendant The Reserve
Primary Fund*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND....................................................................................................2

        A.      Indemnification of The Independent Trustees ............................................... 2

        B.      The Court's November 25, 2009 Order ......................................................... 3

        C.      Pending Lawsuits Against the Independent Trustees ................................... 3

ARGUMENT...............................................................................................................................5

THE INDEPENDENT TRUSTEES ARE ENTITLED TO THEIR REASONABLE INDEMNIFICATION EXPENSES TO DEFEND THE REMAINING CLAIMS AGAINST THEM ..........................................................................................................................................5

CONCLUSION............................................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re AMF Bowling Sec. Litig.*,
   334 F. Supp. 2d 462 (S.D.N.Y. 2004)..................................................................................6

*In re Bristol Meyers Squibb Sec. Litig.*,
   361 F. Supp. 2d 229 (S.D.N.Y. 2005)..................................................................................6

*Cromer Finance Ltd. v. Berger*,
   2003 WL 203197 (S.D.N.Y. Jan. 29, 2003) ........................................................................6

The Independent Trustees of the Reserve Primary Fund (the "Fund") submit this memorandum pursuant to this Court's November 25, 2009 Order (the "November Order"). The Independent Trustees respectfully request that the Court include in the Expense Fund $22.5 million as their good faith estimate of their reasonable Indemnification Expenses.

## PRELIMINARY STATEMENT

Since September 2008, shareholders and regulators have filed over 35 class and individual lawsuits against the Fund, Reserve Management Company, Inc. ("RMCI"), Resrv Partners, Inc. ("Partners"), Bruce Bent Sr. and Bruce Bent II. Following consolidation of the class actions, nine of those lawsuits named the Independent Trustees as defendants. Plaintiffs in four of those nine cases, including the class plaintiffs, have voluntarily dismissed their claims against the Independent Trustees without prejudice. Two other plaintiffs have recently agreed to dismiss their claims against the Independent Trustees without prejudice, subject to preparation of appropriate documents. The three remaining plaintiffs intend to wait until the time to appeal the November Order has expired before deciding whether to dismiss their claims against the Independent Trustees.

The Independent Trustees are optimistic that those plaintiffs who have not yet dropped their claims against the Independent Trustees will do so shortly. This would benefit all shareholders of the Fund and increase the amounts they will receive in future *pro rata* distributions, since no money would need to be held back from shareholders to cover Indemnification Expenses for the Independent Trustees. In the interim, the Independent Trustees respectfully request that sufficient funds be held back in the Expense Fund to cover the cost of defending the remaining claims against them.

LIBNY/4882193.1

# FACTUAL BACKGROUND

This Court is familiar with the events of September 15 and 16, 2008 that gave rise to this action. Set forth below is a brief description of the facts relevant to the issue of the Independent Trustees' Indemnification Expenses.

### A.  Indemnification of The Independent Trustees

The Fund is one of four separate series of The Reserve Fund (the "Trust"). During September 2008, the Fund's Board of Trustees comprised the following individuals: Santa Albicocco; Ronald J. Artinian; Edwin Ehlert, Jr.; William J. Montgoris;[1] Frank J. Stalzer; William E. Viklund; and Stephen P. Zieniewicz[2] (collectively, the "Independent Trustees"), and Bruce R. Bent Sr. ("Bent Sr."). The Trust's Declaration of Trust provides indemnification for any "present or former Trustee" who has not engaged in disabling conduct, which is defined as "willful misfeasance, bad faith, gross negligence or reckless disregard of the duties involved in the conduct of the office in question."[3] The Declaration of Trust also provides for the advancement of appropriate expenses upon the satisfaction of certain requirements.[4]

In November 2008, the Independent Trustees requested, in accordance with the requirements of the Declaration of Trust, that the Fund advance their legal fees and expenses in connection with these litigations and the related SEC investigation. In an abundance of caution, the Independent Trustees renewed this request (and again complied with the relevant requirements of the Declaration of Trust) in October 2009. The Fund has been advancing the Independent Trustees' litigation fees and

---

[1]  Mr. Montgoris resigned from the Board in March 2009.

[2]  Mr. Zieniewicz resigned from the Board in January 2009.

[3]  *See* Declaration of Mark Holland in Support of the Independent Trustees' Memorandum Regarding Allocation of the Insurance Policy Proceeds, dated December 23, 2009, Ex. A, Declaration of Trust at SEVENTH ¶11(c)(1)(iii).

[4]  *Id.* at ¶11(f).

2

expenses since the autumn of 2008. To date, those litigation expenses have been less than $1.5 million.

### B. The Court's November 25, 2009 Order

This Court's November Order creates an expense fund (the "Expense Fund") that will be set aside from the Fund's other assets.[5] A portion of the Expense Fund will be used for Indemnification Expenses, which include "reasonable litigation expenses that may be incurred by any Indemnitee as defined in the SEVENTH Declaration, Paragraph 11, of the Amendment Number Two to, and Restatement of, The Declaration of Trust, made December 10, 1986 of The Reserve Fund (the "Declaration of Trust") . . . ."[6] The Independent Trustees are Indemnitees and fall within this provision. The November Order directs Indemnitees to provide the Court with "good faith estimates" of their "reasonable Indemnification Expenses based on the claims already filed."[7]

### C. Pending Lawsuits Against the Independent Trustees

Originally, over 35 lawsuits were filed against the Fund, RMCI, Partners and the Bents. Nineteen of those cases also named the Independent Trustees as defendants. Many of these cases were consolidated under this Court's August 26, 2009 Order. When the Court issued its November Order, the Independent Trustees were named as defendants in nine cases. They are:

- *In re The Reserve Fund Securities & Derivatives Class Action Litigation*, 08-Civ-8060 (PGG) (the "Class Action");
- *First Data Corporation et al. v. The Reserve Fund et al.*, 09-Civ-1457 (PGG);
- *Fremont Group, L.L.C. et al. v. The Reserve Fund et al.*, 09-Civ-3970 (PGG);

---

[5]  November Order at ¶ 5.

[6]  *Id.* at ¶ 5(a)(ii).

[7]  *Id.* at ¶ 5(c)(ii).

3

LIBNY/4882193.1

- *Gleissner v. The Reserve Fund et al.*, 09-Civ-1286 (PGG);

- *Henry Ford Health System et al. v. The Reserve Fund et al.*, 09-Civ-5108 (PGG);

- *Safeco Insurance Company of America v. The Reserve Fund et al.*, No. SUCV2008-04776-BLS2 (Mass. Super.);

- *TD Ameritrade Holding Corp. et al. v. The Reserve Fund et al.*, 09-Civ-4279 (PGG);

- *Time Warner Inc. et al., v. The Reserve Fund et al.*, 09-Civ-4310 (LAK);

- *Univision Communications, Inc. v. The Reserve Fund et al.*, 08/602826 (NY Sup. Ct.).

Since the Court's November Order, plaintiffs in the Class Action, *Fremont*, *Gleissner*, and *Safeco* have voluntarily dismissed their claims against the Independent Trustees without prejudice. The plaintiffs in two other cases, *Henry Ford* and *TD Ameritrade*, have authorized the Independent Trustees to state that these plaintiffs will voluntarily dismiss their claims against the Independent Trustees without prejudice, subject to execution of appropriate documentation.[8] The plaintiffs in the three remaining cases, *First Data*, *Time Warner* and *Univision*, have not (yet) withdrawn their claims against the Independent Trustees.

---

[8] For purpose of this submission, the Independent Trustees are not considering these six cases as "claims already filed" as that term is used in the November Order. Should plaintiffs in any of these cases seek to re-instate their claims against the Independent Trustees, the Independent Trustees respectfully reserve the right to seek additional Indemnification Expenses.

## ARGUMENT

## THE INDEPENDENT TRUSTEES ARE ENTITLED TO THEIR REASONABLE INDEMNIFICATION EXPENSES TO DEFEND THE REMAINING CLAIMS AGAINST THEM

The three remaining cases against the Independent Trustees, *First Data, Time Warner* and *Univision*, assert claims against the Independent Trustees for fraud, breach of fiduciary duty, negligence and negligent misrepresentation. At least some of these claims would be subject to indemnification by the Fund, and therefore are enjoined by this Court's November Order.[9] The Independent Trustees do not believe that any of these complaints allege facts sufficient to state claims against the Independent Trustees for "disabling conduct" as that term is defined in the Declaration of Trust. If the *First Data*, *Time Warner* and *Univision* plaintiffs do not agree to dismiss their claims, the Independent Trustees therefore believe that the courts would grant motions to dismiss those claims.

Nevertheless, there is a risk that one or more of these three cases could proceed to discovery, summary judgment or even trial. Indeed, because the three cases are pending in three separate courts, it is conceivable that the Independent Trustees could be forced to defend themselves in three separate trials.[10]

The defense of these three remaining lawsuits against the Independent Trustees could take several years and require thousands of hours of attorney time. In addition, the Independent Trustees could incur costs for expert witnesses and related litigation expenses. Discovery in the three cases may or may not be co-ordinated. In addition, all three cases name RMCI and Bruce R. Bent, and the

---

[9] For example, Univision asserts, *inter alia,* claims against the Independent Trustees for negligent misrepresentation and negligence; First Data asserts, *inter alia*, a claim for negligence and Time Warner asserts a claim against the Independent Trustees for breach of fiduciary duty for, in effect, negligence in allowing others to make misrepresentations to Fund shareholders.

[10] *First Data* is assigned to this Court, *Univision* is pending in the Supreme Court of the State of New York and *Time Warner* is presently assigned to Judge Kaplan in the Southern District of New York, but may be the subject of a remand motion.

5

*Time Warner* and *First Data* cases name Partners and Bruce Bent II, as defendants. The existence of these multiple defendants will add to the complexity of the cases and exacerbate the cost of defending them.

Although it is impossible at this stage of the litigation to determine the costs to the Independent Trustees of defending all three of these cases in separate courts through trial and appeal, the Independent Trustees reasonably estimate their anticipated defense costs at this point to be $20 million. While the Independent Trustees hope they will not be required to use all of the money they are requesting for litigation costs, it is easily within the realm of possibility that their expenses could meet, or even exceed, that figure.[11]

The Independent Trustees respectfully reserve the right to modify the amount they have requested as circumstances change. For example, if the *First Data*, *Time Warner* or *Univision* plaintiffs voluntarily dismiss their claims against the Independent Trustees, or those claims are dismissed on motion, the Independent Trustees would request that the Court reduce the amount of their Indemnification Expenses. Alternatively, if it appears that the costs of litigating these three cases will exceed $20 million, the Independent Trustees will so advise the Court and request that additional monies be held back.

In addition to the expenses that could be incurred in the three cases where they are named defendants, the Independent Trustees anticipate that they will incur litigation expenses in cases in which they are not named. It is almost certain that some or all of the Independent Trustees will be called upon to produce documents and to testify as non-party witnesses at deposition or trial. The

---

[11] The lodestar attorneys' fees even in securities cases that settle well before trial frequently total millions of dollars. *See*, *e.g., In re Bristol Meyers Squibb Sec. Litig.*, 361 F. Supp. 2d 229, 237 (S.D.N.Y. 2005) (plaintiff attorneys' lodestar fees exceeded $5 million); *In re AMF Bowling Sec. Litig.*, 334 F. Supp. 2d 462, 470 (S.D.N.Y. 2004) ($3.2 million lodestar attorneys' fees to lead counsel); *Cromer Finance Ltd. v. Berger*, 2003 WL 203197, at *1 (S.D.N.Y. Jan. 29, 2003) (lodestar attorneys' fees totaled approximately $3.4 million through partial settlement).

6

Independent Trustees therefore respectfully request an additional $2.5 million in Indemnification Expenses to cover their litigation expenses in cases where they are not named parties.

## CONCLUSION

For the foregoing reasons, the Independent Trustees respectfully request that the Court include $20 million in the Expense Fund to cover the anticipated litigation expenses of the Independent Trustees in the three cases where they still are named as defendants, and $2.5 million to cover the Independents Trustees' anticipated litigation expenses in those cases where they are not named as defendants.

Dated: January 11, 2010

Respectfully submitted,

GOODWIN PROCTER LLP

By: /s/ Mark Holland
Mark Holland *(*MH6494)
MHolland@goodwinprocter.com
Mary K. Dulka (MD0013)
MDulka@goodwinprocter.com
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Fax: (212) 355-3333
*Attorneys for the Independent Trustees*
*of Relief Defendant The Reserve Primary*
*Fund*

CERTIFICATE OF SERVICE

      I hereby certify that on January 11, 2010, I caused the Independent Trustees' Memorandum Regarding Allocation of the EXPENSE FUND FOR INDEMNIFICATION EXPENSES to be served by electronic means, via the Courts ECF system, on all counsel registered to receive electronic notices. I also certify that I have caused copies of the aforementioned documents to be served via Federal Express upon any non-CM/ECF participants.

Dated: January 11, 2010
      New York, New York

        /s/Mark Holland
      Mark Holland (MH 6494)