UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re THE RESERVE FUND SECURITIES AND DERIVATIVE LITIGATION | 09 MD. 2011 (PGG) |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>- against -<br><br>RESERVE MANAGEMENT COMPANY, INC., RESRV PARTNERS, INC., BRUCE BENT SR., and BRUCE BENT II,<br><br>Defendants,<br><br>- and -<br><br>THE RESERVE PRIMARY FUND,<br><br>Relief Defendant. | 09 Civ. 4346 (PGG)<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' APPLICATION FOR INDEMNIFICATION EXPENSES**

Christopher J. Clark
Kevin C. Wallace
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000

Stephen A. Best
DEWEY & LEBOEUF LLP
1101 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 346-8000

*Attorneys for Defendants*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ................................................................................................................. 1

DISCUSSION ........................................................................................................................ 3

A.    The Bents' Indemnification and Advancement Rights ...................................................... 3

    1.    The Bents are Entitled to Indemnification ............................................................. 3

        a.    Estimate of the Bent Parties' Total Indemnification Expenses ................... 6

    2.    The Bents are Entitled to Advancement of All Their Legal Defense Costs ............ 7

        a.    Covered Expenses the Bents Should Now Be Advanced ........................... 9

B.    Catherine Crowley's and Patrick Farrell's Indemnification Rights ................................. 11

CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Brewer v. Village of Old Field*,
   311 F. Supp. 2d 382 (E.D.N.Y. 2004) ................................................................................5

*D'Amelio v. Federal Insurance Co.*,
   No. 02-CV-12174-PBS, 2004 U.S. Dist. Lexis 7488 (D. Mass. Apr. 28, 2004) ................4

*Greenwald v. American Medcare Corp.*,
   666 F. Supp. 489 (S.D.N.Y. 1987) ....................................................................................4

*Liberty Mutual Insurance Co. v. Metropolitan Life Insurance Co.*,
   260 F.3d 54 (1st Cir. 2001) ................................................................................................5

*Massamont Insurance Agency, Inc. v. Utica Mutual Insurance Co.*,
   489 F.3d 71 (1st Cir. 2007) ................................................................................................6

*United States Fidelity & Guaranty Co. v. Frosty Bites, Inc.*,
   350 F. Supp. 2d 508 (S.D.N.Y. 2004) ................................................................................5

**STATE CASES**

*Fitzpatrick v. American Honda Motor Co., Inc.*,
   78 N.Y.2d 61, 571 N.Y.S.2d 672 (1991) ...........................................................................6

*Merrimack Mutual Fire Insurance Co. v. Nonaka*,
   414 Mass. 187, 606 N.E.2d 904 (1993) .............................................................................5

Defendants Bruce R. Bent Sr., Bruce R. Bent II, and Arthur T. Bent III (collectively, the "Bents"),[1] Reserve Management Company, Inc. ("RMCI") and Resrv Partners, Inc. ("Resrv") (collectively with the Bents, the "Bent Parties," or "Defendants"), through their undersigned counsel, respectfully submit this memorandum, together with the accompanying declarations of Christopher J. Clark ("Clark Declaration" or "Clark Decl.") and Catherine Birch ("Birch Declaration" or "Birch Decl."), in support of their Application for Indemnification Expenses ("Application").[2]

## INTRODUCTION

Defendants have incurred and will continue to incur substantial Indemnification Expenses in connection with these actions and related lawsuits, investigations, and proceedings (collectively, "Reserve Proceedings"). In accordance with the Court's orders of November 25, 2009 and December 11, 2009, Defendants provide in this memorandum and in the accompanying declarations good faith estimates of their Indemnification Expenses for Reserve Proceedings,[3] and request that sufficient assets be maintained in the Expense Fund to cover these Expenses. Defendants also seek an order (i) ruling the Bents are entitled to advancement of their Indemnification Expenses from the Expense Fund, (ii) directing they now be advanced the

---

[1] Arthur T. Bent III is a defendant in *In re The Reserve Fund Securities and Derivative Litigation*, 09 MD. 2011 (PGG), but not in the above-captioned action filed by the Securities and Exchange Commission.

[2] As used in this memorandum, the terms "Indemnification Expenses" and "Expense Fund" are intended to have the same meanings ascribed to them in the Court's Order dated November 25, 2009 ("Order").

[3] In accordance with the Order, the estimates of Indemnification Expenses set forth in this memorandum and in the accompanying declarations do not include defense costs for any new claims that are filed in the future. (*See* Order at 4-5 (within 15 days of the filing of "any new claim," a good faith estimate of Indemnification Expenses associated with such claim must be submitted to the Court).)

Indemnification Expenses described below and in the accompanying Birch Declaration, and (iii) further directing that on a going forward basis, the Bents be advanced all other Indemnification Expenses they incur, upon their requests for such advancements from the Court and the Court's review of such requests.

The Bents have indemnification and advancement rights under Amendment Number Two to, and Restatement of, The Declaration of Trust, dated December 10, 1986, of The Reserve Fund (the "Declaration of Trust").  It is estimated the Bents' total Indemnification Expenses will be approximately $59,054,903.37.[4]  The Bents are entitled to an advancement of $9,254,903.37 in legal defense costs already incurred, and the continued advancement of legal defense costs in the Reserve Proceedings as they are incurred.

Resrv is entitled to indemnification under the Distribution Agreement, dated July 30, 2007, between Resrv and The Reserve Fund ("Distribution Agreement").  Resrv's total estimated Indemnification Expenses under the Distribution Agreement are included in the estimate for the Bent Parties' total estimated Indemnification Expenses.

Finally, Patrick Farrell and Catherine Crowley, both officers of The Reserve Fund at relevant times, also have indemnification rights under the Declaration of Trust.  It is estimated their Indemnification Expenses will be approximately $68,870.68 and $39,838.31, respectively.[5]

---

[4] Although, as the Court has recognized, such Indemnification Expenses are "very difficult" to estimate, all of Defendants' estimates herein are made in good faith and Defendants believe them to be reasonable.  (*See* Memorandum Decision at 36 (Nov. 25, 2009); Order at 4-5.)

[5] The undersigned counsel does not represent Patrick Farrell or Catherine Crowley in these actions.  However, Mr. Farrell and Ms. Crowley have provided RMCI with invoices issued by their respective counsel reflecting Indemnification Expenses they have incurred.  Reasonable estimates of their Indemnification Expenses based upon these invoices (among other things) is set forth in the accompanying Birch Declaration.

2

## DISCUSSION

A.     THE BENTS' INDEMNIFICATION AND ADVANCEMENT RIGHTS

    1.     **The Bents are Entitled to Indemnification**

The Declaration of Trust grants the Bents broad indemnification rights. Article Seventh of the Declaration of Trust obligates the Trust to indemnify any "indemnitee" for any "covered expenses" incurred by the indemnitee in any "covered proceeding," so long as there is a determination that the indemnitee is "not liable by reason of disabling conduct," and certain other conditions are met.[6] (Clark Decl., Ex. L, Article Seventh, ¶¶ (11)(c)-(f).)

"Disabling conduct" is defined by the Declaration of Trust to mean "willful misfeasance, bad faith, gross negligence or reckless disregard of the duties involved in the conduct of the office in question." (*Id.* ¶ (11)(c)(1)(iii).)

"Covered expenses" are defined to mean "expenses (including attorney's fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by an indemnitee in connection with a covered proceeding." (*Id.* ¶ (11) (c)(1)(iv).) "Covered proceeding" is defined to mean "any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, to which an indemnitee is or was a party or is threatened to be made a party by reason of the fact or facts under which he is an indemnitee. . . ." (*Id.* ¶ (11) (c)(1)(ii).)

---

[6] The Declaration of Trust defines "indemnitee," as "any present or former Trustee or officer of the Trust, any present or former Trustee or officer of another Trust whose securities are or were owned by the Trust or of which the Trust is or was a creditor and who served or serves in such capacity at the request of the Trust and the heirs, executors and administrators of any of the foregoing. . . ." (Clark Decl., Ex. L, Article Seventh, ¶ 11(c)(1)(i).)

It is beyond question the Bents have indemnification rights under the Declaration of Trust with respect to the Reserve Proceedings.[7]  First, the Bents are indisputably "indemnitees." Defendant Bent Sr. is (and was, at all relevant times) a Trustee, and Chairman, President and Treasurer of The Reserve Fund.  Defendant Bent II is (and was, at all relevant times) Co-Chief Executive Officer, Senior Vice President and Assistant Treasurer of The Reserve Fund. Defendant Arthur Bent III is (and was, at all relevant times) Co-Chief Executive Officer, Senior Vice President and Assistant Treasurer of The Reserve Fund.  (Birch Decl. ¶¶ 6-8.)

Second, the Reserve Proceedings plainly constitute "covered proceedings."[8]  All of the investigations and actions relating to the Bents have arisen, largely if not almost entirely, by reason of the performance of their duties as trustees and officers of The Reserve Fund.  To the extent that the claims asserted against the Bents in the Reserve Proceedings also refer to the Bents as officers of RMCI, that does not affect The Reserve Fund's duty to indemnify them in accordance with the terms of the Declaration of Trust.  As long as some conduct involving their roles as trustees and/or officers of The Reserve Fund is alleged, the Bents are entitled to be indemnified by The Reserve Fund.  *See, e.g.*, *D'Amelio v. Federal Ins. Co.*, No. 02-CV-12174-PBS, 2004 U.S. Dist. Lexis 7488, at * 21 (D. Mass. Apr. 28, 2004) (where complaint alleged conduct which "necessarily implicated D'Amelio in his official capacity," fact that D'Amelio

---

[7] As set forth above, the Indemnification Expenses of the Bent Parties are potentially indemnifiable under the Declaration of Trust.  In addition, they may be indemnifiable under principles of common law indemnification.  However, determinations of common law indemnification typically are not made at this stage of an action.  *See, e.g.*, *Greenwald v. Am. Medcare Corp.*, 666 F. Supp. 489, 493 (S.D.N.Y. 1987).  Indeed, inasmuch as Defendants' defense costs are determined to be otherwise indemnifiable, the Court will *never* need to reach questions of common law indemnification.  In any event, to the extent there will be amounts payable to Defendants pursuant to common law indemnification, they will not exceed (and therefore do not alter) Defendants' estimates of Indemnification Expenses set forth herein.

[8] This memorandum therefore uses the terms "Reserve Proceedings" and "covered proceedings" interchangeably.

was also a stockholder not entitled to indemnification did not defeat coverage); *compare United States Fidelity & Guar. Co. v. Frosty Bites, Inc.*, 350 F. Supp. 2d 508, 513 (S.D.N.Y. 2004) (where policy covered party "only in his capacity as an officer of FBI," court reconsidered its earlier conclusion that pleading did not clearly name that party solely in his individual capacity and found no duty to defend existed because "there are no allegations that suggest potential liability on the part of Angus arising out of his FBI duties").

Moreover, where a complaint combines both indemnifiable and non-indemnifiable claims, a duty to defend all of the claims exists. *See Liberty Mut. Ins. Co. v. Metro. Life Ins. Co.*, 260 F.3d 54, 63 (1st Cir. 2001) ("In Massachusetts, as elsewhere, an insurer must defend the entire lawsuit if it has a duty to defend any of the underlying counts in the complaint"); *Merrimack Mut. Fire Ins. Co. v. Nonaka*, 414 Mass. 187, 191, 606 N.E.2d 904, 907 (1993) ("weight of authority imposes duty to defend all counts of complaint if insurer has duty to defend at least one count") (citation omitted); *Brewer v. Village of Old Field*, 311 F. Supp. 2d 382, 386 (E.D.N.Y. 2004) ("insurer must defend even if covered claims are dismissed by the Court leaving only non-covered claims remaining").

There is certainly no suggestion in any of the Reserve Proceedings that the Bents acted solely in their RMCI or Resrv capacities or in their individual capacities. At worst, in certain limited instances, the Reserve Proceedings do not differentiate between actions taken by the Bents as trustees or officers of The Reserve Fund, or as officers of RMCI or Resrv. That is to say, some of the allegations made in the Reserve Proceedings do not differentiate between actions taken by Bents and actions taken by others (*e.g.*, other trustees of The Reserve Fund); they simply complain generally about the supposed conduct of the "defendants," including the

5

Bents. Under such circumstances, the Bents still have indemnification rights under the Declaration of Trust with respect to the Reserve Proceedings.[9]

### a. Estimate of the Bent Parties' Total Indemnification Expenses[10]

Through approximately November 2009, the Bent Parties incurred $9,254,903.37 in Indemnification Expenses. (Birch Decl. ¶ 20.) It is estimated the Bent Parties' total (*i.e.*, past and future) Indemnification Expenses with respect to claims already filed will be approximately $59,054,903.37.[11] (Birch Decl. ¶ 20), (Clark Decl. ¶ 23.) Notwithstanding the obvious difficulty

---

[9] Even assuming, *arguendo*, the Bents are ultimately found *not* to be entitled to indemnification, The Reserve Fund indisputably still has a duty to advance the Bents their defense costs. *See, e.g.*, *Fitzpatrick v. Am. Honda Motor Co., Inc.*, 78 N.Y.2d 61, 65, 571 N.Y.S.2d 672, 674 (1991) (since "duty to defend is broader than the duty to indemnify," "an insurer may be contractually bound to defend even though it may not ultimately be bound to pay . . ."); *accord Massamont Ins. Agency, Inc. v. Utica Mut. Ins. Co.*, 489 F.3d 71, 75 (1st Cir. 2007) ("duty to indemnify . . . is ordinarily narrower than the duty to defend").

[10] Resrv has indemnification rights under the Distribution Agreement. The Agreement states, in relevant part,

> In the absence of willful misfeasance, bad faith, gross negligence or reckless disregard of obligations or duties hereunder on [Resrv's] part, [The Reserve Fund] agrees to indemnify [Resrv] against any and all claims, demands, liabilities and expenses which [Resrv] may incur under the Securities Act of 1933, or common law or otherwise, arising out of or based upon any alleged untrue statement of a material fact contained in any registration statement, Prospectus or Statement of Additional Information of [The Reserve Fund], or any omission to state a material fact therein. . . .

(Clark Decl., Ex. M, ¶ 8(b).) Resrv has been named as a defendant in covered proceedings, and is entitled to indemnification under the Distribution Agreement. Resrv's total estimated Indemnification Expenses are already included in the Bent Parties' total estimated Indemnification Expenses set forth above. (Clark Decl. ¶ 22 n.3.)

[11] In accordance with the Court's orders dated November 25, 2009 and December 11, 2009, Defendant RMCI is also filing applications ("RMCI Applications") relating to management fees, Rule 12B-1 Fees, and certain expenses incurred in connection with the Reserve Primary Fund. To the extent The Reserve Fund or any other party takes the position – and the Court agrees –

in estimating total Indemnification Expenses at this stage of the proceedings, these estimates are submitted to the Court in good faith, and are based on a thorough review of counsel's recent representations in matters similar to the pending cases against the Bent Parties, as well as publicly available information regarding the defense costs in similar cases for other firms. (*See* Clark Decl. ¶¶ 3-10, 12-16, 22.)

### 2. The Bents are Entitled to Advancement of All Their Legal Defense Costs

The Declaration of Trust provides that covered expenses incurred in connection with a covered proceeding "shall be advanced by the Trust to an indemnitee prior to the final disposition of a covered proceeding" upon request of the indemnitee, *if* the indemnitee undertakes to repay the advance (the "Undertaking"), *and if* one of the following three conditions is met:

> (i) the indemnitee provides a security for the Undertaking;
>
> (ii) the Trust is "insured against losses arising out of any lawful advances;" *or*
>
> (iii) "there shall have been a determination, based on a review of the readily available facts (as opposed to a full trial-type inquiry) that there is a reason to believe that the indemnitee ultimately will be found entitled to indemnification by either independent legal counsel in a written opinion or by the vote of a majority of a quorum of trustees who are neither 'interested persons' as defined in the 1940 Act nor parties to the covered proceeding."

(Clark Decl., Ex. L, Article Seventh, ¶ (11)(f).)

The Bents have satisfied all of the necessary preconditions for advancement of their legal defense costs incurred. As noted, the Reserve Proceedings plainly constitute "covered

---

that any amounts for which reimbursement is sought by the RMCI Applications constitute legal fees or expenses of any of the Defendants, Defendants request that the Court treat those amounts as additional Indemnification Expenses of Defendants, and Defendants reserve all rights and remedies they have with respect to such amounts.

7

proceedings." The Bents also have executed an undertaking to repay the advances received from the Trust, which was provided to the Trustees of The Reserve Fund on November 20, 2009. (*See* Clark Decl., Ex. N.)

Finally, there has been a "determination . . . that there is a reason to believe" that each of the Bents ultimately will be found entitled to indemnification. (Clark Decl., Ex. L, Article Seventh, ¶ 11(f).) Specifically, Professor Stephen J. Saltzburg, the Wallace and Beverly Woodbury University Professor of Law at the George Washington University Law School, has provided independent legal opinions in which he concludes, as to each of the Bents, that:

> [B]ased on a review of the readily available facts (as opposed to a full trial-type inquiry) that there is a reason to believe that [each of the Bents] ultimately will be found entitled to indemnification by either independent legal counsel in a written opinion or by the vote of a majority of a quorum of trustees who are neither "interested persons" as defined in the 1940 Act nor parties to the covered proceeding.

(Clark Decl., Exs. O, P.) Professor Saltzburg also concludes that there is "no evidence" of willful misfeasance, bad faith, gross negligence or reckless disregard by any of the Bents of the duties involved in the conduct of the offices in question.[12] (*Id.*)

As an academic with a limited private practice, Professor Saltzburg is free from past connections with the Bents, The Reserve Fund or RMCI. (*Id.*) Nor was Professor Saltzburg's engagement or compensation in any way contingent upon the content of his opinions or the conclusions he reached. (*Id.*) As a result, his opinions are clearly independent, and easily satisfy

---

[12]   Professor Saltzburg's opinion with respect to Bruce Bent Sr. and Bruce Bent II is set forth in a letter he prepared dated November 9, 2009, and his opinion with respect to Arthur Bent III is contained in a letter he prepared dated November 19, 2009. (Clark Decl., Exs. O, P.) The Trustees of The Reserve Fund received these letters on November 20, 2009. (*Id.*)

8

the requirements of the Declaration of Trust, which merely require that there be "*a reason* to believe" the Bents ultimately will be found entitled to indemnification.

        a.        **Covered Expenses the Bents Should Now Be Advanced**

Through approximately November 2009, the Bent Parties incurred $9,254,903.37 in covered expenses for which they now seek advancement, as follows. (Birch Decl. ¶ 20.)

From the inception of the Reserve Proceedings through approximately November 2009, the Bent Parties have been represented at various times by a number of law firms (certain of which have acted as local counsel in covered proceedings outside of New York). The fee and expense amounts these firms have billed and the Bent Parties have incurred, and for which they are now requesting advancement from the Expense Fund, are as follows:

- For legal services performed between September 2008 and July 2009, Willkie Farr & Gallagher LLP billed a total of $2,360,808.18 in fees and expenses for which the Bent Parties are now seeking advancement. (Birch Decl. ¶ 18.)

- For legal services performed between September 2008 and June 2009, Kelly & Berens, P.A. billed a total of $216,764.48 in fees and expenses for which the Bent Parties are now seeking advancement. (*Id*. ¶ 15.)

- For legal services performed between September 2008 and September 2009, Wilmer Cutler Pickering Hale and Dorr LLP billed a total of $5,395,139.23 in fees and expenses for which the Bent Parties are now seeking advancement. (*Id*. ¶ 19.)

- For legal services performed between January and August 2009, Reilly Pozner LLP billed a total of $41,726.16 in fees and expenses for which the Bent Parties are now seeking advancement. (*Id*. ¶ 16.)

- For legal services performed between April and November 2009, Duane Morris LLP billed a total of $840,595.11 in fees and expenses for which the Bent Parties are now seeking advancement. (*Id*. ¶ 14.)

- For legal services performed between June and August 2009, Rodey, Dickason, Sloan, Akin & Robb, PA billed a total of $4,409.36 in fees and expenses for which the Bent Parties are now seeking advancement. (*Id*. ¶ 17.)

- For legal services performed between October and November 2009, the undersigned counsel Dewey & LeBoeuf LLP billed a total of $395,460.85 in fees and expenses for which the Bent Parties are now seeking advancement. (*Id*. ¶ 13.)

The total amount in fees and expenses these law firms have billed and the Bent Parties have incurred and are now seeking advancement for is $9,254,903.37.[13]  The Bent Parties request that this amount now be paid to the Bents from the Expense Fund, in accordance with the Court's November 25, 2009 Order. (*See supra* at (Introduction and (A)(1).)  The Bents request that the Court permit them, in accordance with that Order, to make further submissions to the Court in the future for advancement from the Expense Fund of all additional covered expenses incurred in covered proceedings. (The estimated amount of these additional covered expenses is included in

---

[13]  If The Reserve Fund (or any other party) attempts to argue that any part of this amount constitutes defense costs of The Reserve Fund and/or was otherwise incurred by The Reserve Fund, the Court should reject any such argument.   However, even if the Court were to find that any such amounts were The Reserve Fund's expenses, the Court should then treat such amounts as "excluded expenses" for which RMCI is entitled to reimbursement under the Amended Comprehensive Fee Investment Management Agreement between The Reserve Fund and RMCI ("Management Agreement"), and RMCI reserves all rights and remedies it has with respect to such amounts.  *See generally* RMCI Applications.  Similarly, should the Court for any other reason determine that any of Defendants' claimed Indemnification Expenses are not indemnifiable, Defendants reserve the right to assert that such expenses are Fund expenses reimbursable under the Management Agreement.

the Bent Parties' estimated total Indemnification Expenses. (*Supra* at (A)(1)(a) and Clark Decl. ¶ 23.))

B.   **Catherine Crowley's and Patrick Farrell's Indemnification Rights**

Catherine Crowley and Patrick Farrell have indemnification rights under the Declaration of Trust. Both were officers of The Reserve Fund at relevant times – Ms. Crowley was Secretary and Mr. Farrell was Chief Financial Officer. They therefore are both indisputably "indemnitees" for purposes of the Declaration of Trust. They both also have incurred covered expenses in connection with covered proceedings. It is estimated their total Indemnification Expenses will be approximately $39,838.31 and $68,870.68, respectively.[14] (Birch Decl. ¶¶ 21-26.)

## CONCLUSION

For all of the reasons set forth above, and in the accompanying declarations, Defendants request that (i) sufficient assets be maintained in the Expense Fund to cover the amount of their estimated Indemnification Expenses, (ii) they immediately be advanced the Indemnification Expenses incurred through approximately November 2009 that are described above and in the accompanying Birch Declaration, and (iii) on a going forward basis, Defendants be advanced their additional Indemnification Expenses upon Defendants' request for such advancements from the Court and the Court's review of such requests.

---

[14]   Mr. Farrell and Ms. Crowley have already incurred Indemnification Expenses in approximately those amounts, and they may not incur any additional substantial Indemnification Expenses (unless new claims are filed against them). (Birch Decl. ¶¶ 23, 26.)

Dated: January 11, 2010
       New York, New York

                                    DEWEY & LEBOEUF LLP

                       By:  **s/ Christopher J. Clark**
                                Christopher J. Clark
                                Kevin C. Wallace
                                DEWEY & LEBOEUF LLP
                                1301 Avenue of the Americas
                                New York, New York  10019
                                Telephone:  (212) 259-8000

                                Stephen A. Best
                                DEWEY & LEBOEUF LLP
                                1101 New York Avenue, N.W.
                                Washington, DC 20005
                                Telephone: (202) 346-8000

                                *Attorneys for Defendants*