UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | No. 09 Civ. 4346 (PGG) |
| | : | |
| v. | : | |
| | : | ECF CASE |
| RESERVE MANAGEMENT COMPANY, INC., RESRV PARTNERS, INC., BRUCE BENT SR., and BRUCE BENT II, | : | |
| | : | ANSWER |
| | : | |
| Defendants, | : | |
| | : | JURY TRIAL DEMANDED |
| and | : | |
| | : | |
| THE RESERVE PRIMARY FUND, | : | |
| | : | |
| Relief Defendant. | : | |

_____

Defendants Reserve Management Company, Inc. ("RMCI"), Resrv Partners, Inc.

("Resrv Partners"), Bruce Bent Sr. and Bruce Bent II (collectively "Defendants"), by

their attorneys Dewey & LeBoeuf LLP, as and for their Answer to the Complaint brought

by the Securities and Exchange Commission (the "SEC" or "Commission"), state as

follows:

1.     Defendants deny the allegations in Paragraph 1 of the Complaint.

2.     Defendants admit the allegation contained in the first sentence of

Paragraph 2 of the Complaint.  Defendants lack knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint.

3.      Defendants admit the allegation contained in the first sentence of Paragraph 3 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint, but admit that starting on September 15, 2008, a substantial number of shareholders began trying to redeem their shares in The Reserve Primary Fund ("Primary Fund" or "Fund").

4.      Defendants deny the allegations and characterizations contained in Paragraph 4 of the Complaint.

5.      Defendants deny the allegations and characterizations contained in Paragraph 5 of the Complaint, except admit that on September 16, 2008, RMCI issued a press release announcing that effective as of 4:00 p.m. that day, the net asset value or "NAV" of the Reserve Fund was $0.97 per share, and refer to the text of that release for a true and complete statement of its contents.

6.      Defendants deny the allegations and characterizations contained in Paragraph 6 of the Complaint.

7.      Defendants deny the allegations and characterizations contained in Paragraph 7 of the Complaint including each of the allegations contained in sub-parts (a) through (e) of Paragraph 7.

8.       Defendants deny the allegations and characterizations contained in Paragraph 8 of the Complaint.  To the extent Paragraph 8 purports to quote a Reserve *Insights* piece that appeared on RMCI's website on the morning of September 16, 2008, Defendants refer to the text of that piece for a true and complete statement of its contents.

9.      Defendants deny the allegations and characterizations contained in Paragraph 9 of the Complaint, except admit that on September 15, 2008, the Fund's custodian bank, State Street Bank, suspended overdraft privileges.

10.     Defendants deny the allegations and characterizations contained in Paragraph 10 of the Complaint.

11.     Defendants deny the allegations and characterizations contained in Paragraph 11 of the Complaint.

12.     Because of the Decision and Order entered by this Court on November 25, 2009, enjoining the Primary Fund's plan of distribution and ordering a *pro rata* distribution of the remaining assets of the Fund, no responsive pleading is required to the allegations contained in Paragraph 12.

13.     Because of the Decision and Order entered by this Court on November 25, 2009, enjoining the Primary Fund's plan of distribution and ordering a *pro rata* distribution of the remaining assets of the Fund, no responsive pleading is required to the allegations contained in Paragraph 13.

14.     To the extent Paragraph 14 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     To the extent Paragraph 16 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants admit that the Commission purports to bring this action pursuant to Section 20 of the Securities Act of

1933, 15 U.S.C. § 77t(b), Section 21(d) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(d), Section 209 of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-9(d), and Section 25(c) of the Investment Company Act of 1940, 15 U.S.C. § 80a-25.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint, except admit that venue is proper in this District.

18.     Defendants admit that they "directly or indirectly, singly or in concert, have made use of the means or instrumentalities of transportation or communication in, or the instrumentalities of, interstate commerce, or of the mails" to the extent that Defendants' general business practices were involved, but deny the remaining allegations in Paragraph 18 of the Complaint.

19.     RMCI admits the allegations contained in Paragraph 19 of the Complaint as of the time this action was filed, but deny that the allegations reflect a full and complete statement of the ownership, structure and business of RMCI.

20.     Resrv Partners admits the allegations contained in Paragraph 20 of the Complaint as of the time this action was filed.

21.     Bruce Bent Sr. admits the allegations contained in Paragraph 21 of the Complaint as of the time this action was filed.

22.     Bruce Bent II admits the allegations contained in Paragraph 22 of the Complaint as of the time this action was filed.

23.     Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants admit the allegations contained in Paragraph 24 of the Complaint as of the time this action was filed.

4

25.      Defendants admit the allegations contained in Paragraph 25 of the Complaint as of the time this action was filed.

26.      Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27.      Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28.      Defendants deny the allegations contained in Paragraph 28 of the Complaint, except admit that Bent Sr. and Bent II had authority over RMCI's business consistent with their executive positions at RMCI.

29.      Defendants deny the allegations contained in the first two sentences in Paragraph 29 of the Complaint, especially insofar as they suggest that the Bents acted solely in their capacity as investment advisors.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint.

30.      To the extent Paragraph 30 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 30 of the Complaint.

31.      To the extent the allegations contained in Paragraph 31 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants admit that the Primary Fund operated as a money market fund under Rule 2a-7 of the Investment Company Act, and that Rule 2a-7 imposed certain obligations on the Primary Fund and refer to the text of Rule 2a-7 for a true and complete statement of its requirements.

32.     Defendants admit the allegations contained in the first sentence in Paragraph 32 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, but admit that the Primary Fund computed its NAV on an approximately hourly basis and that in the ordinary course shareholders would receive payment after submitting their redemption requests to RMCI.

33.     Defendants deny the allegations and characterizations contained in Paragraph 33 of the Complaint, except admit that the Primary Fund calculated the NAV on an hourly basis and that the Board was responsible for assigning the fair value of certain securities.

34.     Defendants deny the allegations and characterizations contained in Paragraph 34 of the Complaint, except admit that the Primary Fund was founded in 1971 and refer to its SEC filings for a reflection of the assets held by the Fund along with a reflection of the Fund's ratings from credit agencies.

35.     Defendants deny the allegations and characterizations contained in Paragraph 35 of the Complaint, except admit that the Primary Fund purchased commercial paper from financial institutions, including Lehman Brothers.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence in Paragraph 36 of the Complaint.  Defendants deny the remaining allegations in Paragraph 36 of the Complaint, except admit that RMCI is a privately-held company.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, except admit that

an investment advisor like RMCI is under no legal obligation to provide financial support to maintain the net asset value of a money market fund.

38.     Defendants deny the allegations and characterizations contained in Paragraph 38 of the Complaint.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, except admit that in or about July of 2008, the Bents met with representatives from Moody's and that part of the discussion involved the resources available to support the NAV of the Primary Fund.

41.     Defendants deny the allegations and characterizations contained in Paragraph 41 of the Complaint, except admit that in or about July of 2008, the Bents met with representatives from Moody's.

42.     Defendants deny the allegations and characterizations contained in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations and characterizations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint and refer to the text of the email exchange quoted for a true and complete statement of its contents.

45.     Defendants deny the allegations and characterizations contained in Paragraph 45 of the Complaint, except admit that during August and September 2008,

RMCI sales personnel had conversations with shareholders regarding the Fund's Lehman holdings.

46.     Defendants deny the allegations and characterizations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations and characterizations contained in Paragraph 47 of the Complaint and refer to the text of the email exchange quoted for a true and complete statement of its contents.

48.     Defendants deny the allegations and characterizations contained in Paragraph 48 of the Complaint and refer to the text of the email quoted for a true and complete statement of its contents.

49.     Defendants deny the allegations and characterizations contained in Paragraph 49 of the Complaint, except admit that RMCI's chief operating officer was not in Manhattan until after 6:00 p.m. on September 15, 2008 and that Bent Sr. was travelling out of the country on September 15 and 16, 2008.

50.     Defendants admit the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants admit the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations and characterizations contained in Paragraph 52 of the Complaint, except admit that during the early morning of September 15, 2008, the Bents discussed the possibility of arranging for the Commission and the Federal Reserve to participate in a Board meeting that morning.

53.     Defendants deny the allegations and characterizations contained in Paragraph 53 of the Complaint, except admit that the Bents contacted the Banking Division of the Federal Reserve Bank of New York on the morning of September 15, 2008.

54.     Defendants deny the allegations and characterizations contained in Paragraph 54 of the Complaint, except admit that the Board met three times on September 15, 2008 and refer to the minutes of those meetings for a true and correct statement of the attendance at those meetings.

55.     Defendants admit the allegations contained in the first two sentences in Paragraph 55 of the Complaint.  Defendants deny the remaining allegations contained in Paragraph 55 of the Complaint, insofar as they purport to reflect a complete statement of the factors impacting an assessment of the NAV of the Fund.

56.     Defendants deny the allegations and characterizations contained in Paragraph 56 of the Complaint, except admit that the Board meeting adjourned with no decision on the pricing of Lehman debt.

57.     In its Decision and Order dated February 24, 2010, the Court concluded that "the Commission may not rely on these statements in proving its fraud claims," and therefore no responsive pleading is required to the allegations contained in Paragraph 57 of the Complaint.

58.     In its Decision and Order dated February 24, 2010, the Court concluded that "the Commission may not rely on these statements in proving its fraud claims," and therefore no responsive pleading is required to the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations and characterizations contained in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations and characterizations contained in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint, except admit that on September 15, 2008, the Fund's custodian bank, State Street Bank, stopped funding redemption requests.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint, except admit that State Street's decision to suspend the Fund's overdraft privileges made it impossible to continue funding redemption requests.

63.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint, except admit that representatives from Moody's and Standard & Poor's contacted RMCI.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint, except admit that representatives from Moody's and Standard & Poor's contacted RMCI.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint, except admit that representatives from Moody's and Standard & Poor's contacted RMCI.

66.     Defendants deny the allegations and characterizations contained in Paragraph 66 of the Complaint, except admit Defendants were in contact with Standard & Poor's on September 15, 2008, and refer to the text of the email quoted for a true and complete statement of its contents.

67.     Defendants deny the allegations and characterizations contained in Paragraph 67 of the Complaint and refer to the text of the email cited for a true and complete statement of its contents.

68.     Defendants deny the allegations and characterizations contained in Paragraph 68 of the Complaint and refer to the text of the email quoted for a true and complete statement of its contents.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint, except admit that on September 15, 2008, shareholders contacted RMCI seeking information about the Fund including the issue of support for the NAV.

70.     Defendants deny the allegations and characterizations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations and characterizations contained in Paragraph 71 of the Complaint, except admit that the Board held a second meeting at 1:00 p.m. on September 15, 2008, and that the possibility of a credit support agreement was discussed at that meeting.

72.     Defendants deny the allegations and characterizations contained in Paragraph 72 of the Complaint and refer to the meeting minutes referenced in that paragraph for a true and complete statement of their contents.

73.     Defendants deny the allegations and characterizations contained in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations and characterizations contained in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations and characterizations contained in Paragraph 75 of the Complaint, including each of the allegations contained in sub-parts (a) through (d) of Paragraph 75.

76.     Defendants deny the allegations and characterizations contained in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations and characterizations contained in Paragraph 77 of the Complaint and refer to the text of the email quoted for a true and complete statement of its contents.

78.     Defendants deny the allegations and characterizations contained in Paragraph 78 of the Complaint and refer to the text of the email quoted for a true and complete statement of its contents.

79.     Defendants deny the allegations and characterizations contained in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations and characterizations contained in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations and characterizations contained in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations and characterizations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations and characterizations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations and characterizations contained in Paragraph 84 of the Complaint, except admit that sales personnel communicated via

telephone with some Primary Fund shareholders and refer to the recordings of those telephone calls for a true and complete record of those statements.

85.      Defendants deny the allegations and characterizations contained in Paragraph 85 of the Complaint.

86.      Defendants deny the allegations and characterizations contained in Paragraph 86 of the Complaint and refer to the text of the email quoted for a true and complete statement of its contents.

87.      Defendants deny the allegations and characterizations contained in Paragraph 87 of the Complaint and refer to the text of the email quoted for a true and complete statement of its contents.

88.      Defendants deny the allegations and characterizations contained in Paragraph 88 of the Complaint.

89.      Defendants deny the allegations and characterizations contained in Paragraph 89 of the Complaint and refer to the text of the draft press release quoted for a true and complete statement of its contents.

90.      Defendants deny the allegations and characterizations contained in Paragraph 90 of the Complaint.

91.      Defendants deny the allegations and characterizations contained in Paragraph 91 of the Complaint and refer to the text of the email quoted for a true and complete statement of its contents.

92.      Defendants deny the allegations and characterizations contained in Paragraph 92 of the Complaint, including each of the allegations contained in sub-parts

(a) through (d) of Paragraph 92 and refer to the draft Reserve *Insight*s communication quoted for a true and complete statement of its contents.

93.     Defendants deny the allegations and characterizations contained in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations and characterizations contained in Paragraph 94 of the Complaint and refer to the text of the specific email quoted for a true and complete statement of its contents.

95.     Defendants deny the allegations and characterizations contained in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations and characterizations contained in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations and characterizations contained in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations and characterizations contained in Paragraph 98 of the Complaint, except admit that the Bents did not ultimately execute a credit support agreement for the Primary Fund.

99.     Defendants deny the allegations and characterizations contained in Paragraph 99 of the Complaint.

100.     Defendants deny the allegations and characterizations contained in Paragraph 100 of the Complaint.

101.     Defendants deny the allegations and characterizations contained in Paragraph 101 of the Complaint.

102.     Defendants deny the allegations and characterizations contained in Paragraph 102 of the Complaint.

103.     Defendants deny the allegations and characterizations contained in Paragraph 103 of the Complaint.

104.     Defendants deny the allegations and characterizations contained in Paragraph 104 of the Complaint.

105.     Defendants deny the allegations and characterizations contained in Paragraph 105 of the Complaint.

106.     Defendants deny the allegations and characterizations contained in Paragraph 106 of the Complaint.

107.     Defendants admit the allegations contained in Paragraph 107 of the Complaint.

108.     Defendants deny the allegations and characterizations contained in Paragraph 108 of the Complaint.

109.     Defendants deny the allegations and characterizations contained in Paragraph 109 of the Complaint and refer to the text of the specific email quoted for a true and complete statement of its contents.

110.     Defendants deny the allegations and characterizations contained in Paragraph 110 of the Complaint and refer to the text of the specific email quoted for a true and complete statement of its contents.

111.     Defendants deny the allegations and characterizations contained in Paragraph 111 of the Complaint and refer to the text of the specific email quoted for a true and complete statement of its contents.

112.     Defendants deny the allegations and characterizations contained in Paragraph 112 of the Complaint.

113.     Defendants deny the allegations and characterizations contained in Paragraph 113 of the Complaint and refer to the text of the news article quoted for a true and complete statement of its contents.

114.     Defendants deny the allegations and characterizations contained in Paragraph 114 of the Complaint, except admit that the Board met at 10:00 a.m. on September 16, 2008.

115.     Defendants deny the allegations and characterizations contained in Paragraph 115 of the Complaint, except admit that the Board met at 10:00 a.m. on September 16, 2008.

116.     Defendants deny the allegations and characterizations contained in Paragraph 116 of the Complaint, except admit that at the Board meeting held on September 16, 2008, the level of redemptions in the Primary Fund and the suspension of overdraft privileges by State Street were discussed.

117.     Defendants deny the allegations and characterizations contained in Paragraph 117 of the Complaint including those allegations and characterizations contained in the text of the quoted minutes, but refer to the text of the minutes quoted for a true and complete statement of their contents.

118.     Defendants deny the allegations and characterizations contained in Paragraph 118 of the Complaint.

119.     Defendants deny the allegations and characterizations contained in Paragraph 119 of the Complaint, except admit that, as disclosed in a November 26, 2008

press release, Defendants subsequently learned that the Fund's NAV was $0.99 from 11:00 a.m. to 4:00 p.m. on September 16, 2008 and not $1.00.

120.     Defendants deny the allegations and characterizations contained in Paragraph 120 of the Complaint and refer to the text of the November 26, 2008 press release for a true and complete statement of its contents.

121.     Defendants deny the allegations and characterizations contained in Paragraph 121 of the Complaint and refer to the text of the September 16, 2008 press release for a true and complete statement of its contents.

122.     Defendants deny the allegations and characterizations contained in Paragraph 122 of the Complaint.

123.     Because of the Decision and Order entered by this Court on November 25, 2009, enjoining the Primary Fund's plan of distribution and ordering a *pro rata* distribution of the remaining assets of the Fund, no responsive pleading is required to the allegations contained in Paragraph 123.

124.     Because of the Decision and Order entered by this Court on November 25, 2009, enjoining the Primary Fund's plan of distribution and ordering a *pro rata* distribution of the remaining assets of the Fund, no responsive pleading is required to the allegations contained in Paragraph 124.

125.     Because of the Decision and Order entered by this Court on November 25, 2009, enjoining the Primary Fund's plan of distribution and ordering a *pro rata* distribution of the remaining assets of the Fund, no responsive pleading is required to the allegations contained in Paragraph 125.

126.    Because of the Decision and Order entered by this Court on November 25, 2009, enjoining the Primary Fund's plan of distribution and ordering a *pro rata* distribution of the remaining assets of the Fund, no responsive pleading is required to the allegations contained in Paragraph 126.

## FIRST CLAIM FOR RELIEF

127.    Defendants repeat and incorporate by reference herein every response to Paragraphs 1 through 126.

128.    Paragraph 128 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 128 of the Complaint.

129.    Paragraph 129 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 129 of the Complaint.

130.    Paragraph 130 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 130 of the Complaint.

## SECOND CLAIM FOR RELIEF

131.    Defendants repeat and incorporate by reference herein every response to Paragraphs 1 through 126.

132.    Paragraph 132 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 132 of the Complaint.

133.     Paragraph 133 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 133 of the Complaint.

## THIRD CLAIM FOR RELIEF

134.     Defendants repeat and incorporate by reference herein every response to Paragraphs 1 through 126.

135.     Paragraph 135 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 135 of the Complaint.

136.     Paragraph 136 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 136 of the Complaint.

## FOURTH CLAIM FOR RELIEF

137.     Defendants repeat and incorporate by reference herein every response to Paragraphs 1 through 126.

138.     Paragraph 138 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 138 of the Complaint.

139.     Paragraph 139 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 139 of the Complaint.

## FIFTH CLAIM FOR RELIEF

140.     Defendants repeat and incorporate by reference herein every response to Paragraphs 1 through 126.

141.     Paragraph 141 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 141 of the Complaint.

142.     Paragraph 142 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 142 of the Complaint.

## SIXTH CLAIM FOR RELIEF

143.     Defendants repeat and incorporate by reference herein every response to Paragraphs 1 through 126.

144.     Paragraph 144 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 144 of the Complaint.

145.     Paragraph 145 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 145 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

146.     Defendants repeat and incorporate by reference herein every response to Paragraphs 1 through 126.

147.     Paragraph 147 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 147 of the Complaint.

148.     Paragraph 148 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 148 of the Complaint.

## EIGHTH CLAIM FOR RELIEF

149.     Defendants repeat and incorporate by reference herein every response to Paragraphs 1 through 126.

150.     Paragraph 150 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 150 of the Complaint.

## JURY TRIAL DEMAND

151.     Defendants demand a trial by jury.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses and reserve the right to amend this answer to assert any additional affirmative defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate to assert such affirmative defenses.  In asserting these defenses, Defendants do not assume the burden of proof for any issue that would otherwise rest on the Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails because Defendants did not knowingly or recklessly make false or misleading statements.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails because Defendants did not knowingly or recklessly disseminate false or misleading information.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails because Defendants did not make false or misleading statements nor did Defendants disseminate false or misleading information.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint fails because Defendants did not knowingly or recklessly omit to state material facts necessary in order to make any statements not false or misleading.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint fails because Defendants did not knowingly or recklessly omit to state material facts necessary in order to make any disseminated information not false or misleading.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails because Defendants did not omit to state material facts necessary in order to make any disseminated information or statements not false or misleading.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails because any alleged false or misleading information, false or misleading dissemination, or false or misleading omission was not material.

### NINTH AFFIRMATIVE DEFENSE

The Complaint fails because Defendants did not knowingly or recklessly engage in any acts or employ any schemes to defraud any and all involved parties.

### TENTH AFFIRMATIVE DEFENSE

The Complaint fails because Defendants did not engage in any acts or employ any schemes to defraud any and all involved parties.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails because Defendants did not knowingly or recklessly engage in transactions, practices, or courses of business which would operate as a fraud upon any and all involved parties.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint fails because Defendants did not engage in acts, practices, or courses of business which were fraudulent, deceptive, or manipulative with respect to any and all involved parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint fails because its allegations are barred by the doctrine of equitable estoppel.

Dated: March 10, 2010
New York, New York

DEWEY & LEBOEUF LLP

By:  /s/ Christopher J. Clark
Christopher J. Clark
Kevin C. Wallace
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000

Stephen A. Best
DEWEY & LEBOEUF LLP
1101 New York Avenue, N.W., Suite 1100
Washington, DC 20005
Telephone: (202) 346-8000

*Attorneys for Defendants*