UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re THE RESERVE FUND SECURITIES AND DERIVATIVE LITIGATION | 09 MD. 2011 (PGG) |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RESERVE MANAGEMENT COMPANY, INC., RESRV PARTNERS, INC., BRUCE BENT SR., and BRUCE BENT II,<br><br>Defendants,<br><br>and<br><br>THE RESERVE PRIMARY FUND,<br><br>Relief Defendant. | **ECF CASE**<br><br>09 Civ. 4346 (PGG)<br><br>**ORDER**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 9/27/10 |

PAUL G. GARDEPHE, U.S.D.J.:

On January 11, 2010, Defendant Reserve Management Company, Inc. ("RMCI") filed a motion requesting that this Court clarify its November 25, 2009 Opinion & Order to indicate that the Primary Fund is required to compensate RMCI for the costs it has incurred in managing the Reserve Primary Fund ("Fund") since September 9, 2009. (Dkt. No. 232) RMCI's submission indicated that its expenses for the period between September 10, 2009, through December 2009 amounted to approximately $2.4 million and that its expenses going forward were estimated to be approximately $600,000 per month.

The Commission, the Independent Trustees, and Third Avenue Institutional International Value Fund, L.P. – the lead plaintiff in the consolidated class action suit pending

against RMCI and other defendants – all objected to RMCI's application, contending that RMCI had not provided sufficient detail to permit an evaluation of whether RMCI had properly allocated its staff and operating costs between the Reserve Primary Fund and other entities. (Jan. 25 SEC Br. 2; Third Avenue Br. 15-16; Jan. 25 Indep. Trustees Ltr. 4) The Commission also questioned why RMCI's expenses were expected to be $600,000 per month on a going forward basis, and raised concerns that RMCI was improperly seeking compensation for personnel time and other resources relating to this and other litigation. (Jan. 25 SEC Br. 3-5) In a letter dated March 5, 2010, the Commission argued that "an independent review of RMCI's process of allocation is the only way to assure that the claimed expenses are reasonable." (March 5 SEC Ltr. 1) The Commission proposed that KPMG, the Fund's former auditor, be retained by the Independent Trustees to review RMCI's claimed expenses and to submit a report to the Court. (Id.) The Independent Trustees endorsed this request. (Mar. 8 Indep. Trustees Ltr. 3) RMCI objected to this approach, however. (Mar. 11 RMCI Ltr. 1-2)

The parties then embarked on intensive efforts to settle this litigation. At the request of the parties, this Court referred the case to Magistrate Judge Ronald L. Ellis, who ultimately held a settlement conference in this matter on May 6, 2010. Although the May 6 settlement conference was unsuccessful, Defendants sought to continue negotiations before this Court. Accordingly, this Court conducted a settlement conference with the parties on June 9, 2010. That settlement conference also proved unsuccessful. Settlement discussions between the parties continued at least through July 2010, however. It now appears that settlement will not be possible, at least in the near term.

This Court conducted a status conference in this matter on September 10, 2010. As the Court stated on the record at that time, RMCI's January 11, 2010 submission – and the

supplemental filings since that date – did not provide the Court with an adequate basis on which future expenses could be reliably calculated. In particular, RMCI sought future fees of $600,000 a month, a number the Court found to be highly speculative.

At the September 10, 2010 conference, the Independent Trustees and the Commission repeated their earlier suggestion that KPMG be retained to conduct a review of the reasonableness of RMCI's fees and expenses for the period between September 15, 2008, and August 31, 2010. (Sept. 10 Tr. 14, 18-20) At that conference, RMCI stated that it was "very happy to cooperate with KPMG" for purposes of a fee and expense review. (Id. at 21) In a joint submission dated September 22, 2010, RMCI reiterated that it did "not object to a limited KPMG review," but expressed "serious concerns" about the scope of the review recommended by the Independent Trustees and the Commission. (Sept. 22 Holland Ltr.)

On September 10, 2010, this Court issued an Order that, inter alia, required the parties to consult as to an appropriate interim payment to RMCI for its fees and expenses from September 2008 to the present, and to make a joint submission to this Court concerning this issue by September 15, 2010.

In a letter dated September 15, 2010, the Commission and the Independent Trustees agreed that $2.5 million should be released to RMCI as an interim payment for RMCI's fees and expenses.

Accordingly, it is HEREBY ORDERED that the Primary Fund distribute $2.5 million to RMCI as soon as practicable, representing an interim payment to RMCI for its fees and expenses.

It is further ORDERED that the Independent Trustees of the Fund are authorized to retain KPMG LLP to review the reasonableness of RMCI fees and expenses for the period

September 15, 2008 to August 31, 2010, pursuant to the terms and conditions set forth in the September 22, 2010 engagement letter submitted in connection with the Independent Trustees' application to this Court for the appointment of KPMG.

It is further ORDERED that the Fund is authorized to pay KPMG up to $250,000 for this engagement.

It is further ORDERED that RMCI shall cooperate with the Independent Trustees and KPMG and provide all the necessary assistance they require in performing their review. RMCI shall be reimbursed by the Fund for its reasonable costs and expenses in providing that assistance.

It is further ORDERED that KPMG's review is to be completed by December 6, 2010, and a report setting forth KPMG's findings is to be submitted to this Court at that time.

It is further ORDERED that RMCI's January 11, 2010 motion (Dkt. No. 232) is DENIED without prejudice to re-submission following this Court's receipt of KPMG's report and supplemental filings from RMCI concerning its actual expenses since September 2009.

The Clerk of the Court is directed to terminate the motion: Docket No. 232.

Dated:  New York, New York
        September 24, 2010

                                        SO ORDERED.

                                        Paul G. Gardephe
                                        United States District Judge