**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **No. 09 Civ. 4346 (PGG)** |
| **RESERVE MANAGEMENT COMPANY, INC., RESRV PARTNERS, INC., BRUCE BENT SR. and BRUCE BENT II,** | : | **ECF CASE** |
| **Defendants,** | : | |
| **and** | : | |
| **THE RESERVE PRIMARY FUND,** | : | |
| **Relief Defendant.** | : | |

**DEFENDANTS' OBJECTIONS TO**
**PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS**

Defendants Reserve Management Company, Inc. ("RMCI"), Resrv Partners, Inc. ("Partners"), Bruce Bent Sr. ("Bent Sr."), and Bruce Bent II ("Bent II") (together referred to as "Defendants") respectfully submit their objections to the Proposed Voir Dire Questions of Plaintiff Securities and Exchange Commission ("Plaintiff" or the "SEC").

Defendants reserve the right to supplement these objections.

Dated: New York, NY
August 21, 2012

Respectfully submitted,

DUANE MORRIS LLP

/s/
By:________________________________________

John Dellaportas
Fran M. Jacobs
Kathrine A. Gehring
1540 Broadway
New York, NY 10036
(212) 692-1000
Attorneys for Defendants
Reserve Management Company, Inc. Resrv Partners, Inc., Bruce R. Bent, Sr. and Bruce R. Bent II

Prior to questioning the panel, the Commission requests that the Court generally inform the jury of the nature of the case:

Before getting into the questions I will ask, I find that they make more sense when you know, in general terms, the nature of the case.

This is a civil case brought by the Securities and Exchange Commission, or SEC. The SEC is an agency of the federal government, and is responsible for enforcing federal laws relating to, among other things, the sale and trading of stocks, bonds, mutual fund shares and other securities.

The SEC claims that Defendants Reserve Management Company, Inc. (which I may refer to as "RMCI"), Resrv Partners, Inc., Bruce Bent Sr. (whom I may refer to as "Bent Sr.") and Bruce Bent II (whom I may refer to as "Bent II") made false statements and failed to tell the whole truth about the safety of an investment in the Reserve Primary Fund, a money market fund that was managed by RMCI.[1] The SEC claims that through the actions of Bent Sr. and Bent II, who owned RMCI and Resrv Partners, neither the Board of Trustees of the Primary Fund, nor the investing public knew the truth about the precarious position the Primary Fund found itself in during the credit crisis of September 2008.[2] The SEC claims that the Defendants' false statements violated the securities laws. Defendants deny that they made false or misleading

---

[1] **Defendants object to the characterization of Plaintiff's claims. As this Court has held, "The parties agree that the statements in question are statements of intent about what RMCI was doing to handle the crisis, rather than statements of fact." SEC v. Reserve Management Company, Inc., 09 CV 4346, March 28, 2012 Tr. 29:20-30:1. It is therefore inaccurate to say that the claims arise from statements about the "safety of an investment in the Reserve Primary Fund." It is also inaccurate to say that the Fund was managed by RMCI. The Fund was managed by a Board of Trustees; RMCI was the Fund's investment adviser.**

[2] **The reference to the "credit crisis of September 2008" is factually inaccurate and misleading. Lehman's bankruptcy filing on September 15, 2008 precipitated a global financial crisis that lasted well beyond the month of September.**

statements to either the Board of Trustees or the investing public.[3]

The trial in this case is expected to last approximately three weeks. The regularly scheduled hours in this case for the jurors will be ___ a.m. to ____ p.m. with a break for lunch.

Unless otherwise indicated, my questions are addressed to each of you:

Ability to Serve

1. Do you have any medical, physical or emotional condition that might make it difficult for you to see or hear the evidence in this case or in carrying out your deliberations?

2. Are you taking any medication that might make it difficult for you to participate as a juror?

3. Do you have any difficulty reading and understanding English?

4. Do you have any commitments that would make it impossible for you to sit as a juror for three weeks?

Familiarity with Trial Participants and Potential Witnesses

1. Do you know or have any familiarity with:

Bruce Bent Sr.

Bruce Bent II

Arthur Bent

Ron Artinian

William Montgoris

Frank Stalzer

William Viklund

[3] **Defendants do more than deny that they made false and misleading statements to the Board and the investing public. They deny making false and misleading statements to anyone and further assert that their statements of intent were true when made and that circumstances subsequently changed.**

Edwin Ehlert

Santa Albicocco

Stephen Zienewicz

David Gareis

Rebecca Gareis Bent

Rose DiMartino

Joel Goldberg

Sean McKee

John Drahzal

Patrick Farrell

Patrick Ledford

Elliot Goldstein

Mark Rothwell

Brandon Semilof

Ryan Green

Eric Lansky

Ryan Belden

David Blalock

Frank Bonanno

Catherine Crowley

Scarlett (Wenmin) Du

Michael Luciano

Christine Massaro

Catherine Birch

Martina Cameron

Damon Chan

Boris Druyan

David Gordon

Ming Hatch

David Lentinello

Omar Shareeff

Asim Tewary

Stacey Morrison

Daniel Boruch

Robert Dame

Alan Greene

Jay Stratton

Darrin McInnis

Christopher Ferrante

Dalia Blass

Robert Plaze

Douglas Scheidt

Andrew Donohue

Jennifer McHugh

John Nestor

Henry Shilling

Peter Rizzo

Ruth Shaw

Joseph Hershberger

Aaron Dorr

Oliver Ireland

John Boyd

Tracy Reeg

Peter Heydlauff

Brian Moore

Brian Gamble

Anthony Alvino

Steven Haussler

Eduardo Torres

Mark Holland

Mary Dulka

Stephen Nickelsburg

Elizabeth Gray

Mitchell Auslander

Jeffrey Korn

Tariq Mundiya

Michael Holland

Leonard Schmidt

Valerie Szczepanik

James Capezzuto

Thomas Smith

Stuart Strauss

Matt Tulchin

Patrick Dryer

Stephen Friedman

Karrie McMillan

Professor Richard Painter

Professor Lisa Fairfax

2. Do you know anyone who has worked for or had some connection with the following entities:

RMCI or Reserve Management Company, Inc.

Reserve Management Corporation

Resrv Partners, Inc.

Double Rock Corporation

3. The SEC's attorneys who will conduct this trial are Nancy Brown, Alex Janghorbani and Michael Birnbaum. They will be assisted by Raymond Chan. To your knowledge, have you or any members of your family had any dealings with any of these individuals?

4. Do you know or have any professional, business, or social relationship with any member of the staff of the Securities and Exchange Commission?

5. Defendants are represented by John Dellaportas, Fran Jacobs and Kate Gehring[4]

---

[4] **Ms. Gehring will not be representing Defendants at trial.**

of the law firm Duane Morris. To your knowledge, have you or any members of your family had any dealings with any of these individuals or any member or associate of Duane Morris?

6. Do you know or have any connection with me or any of my staff?

Background Questions for Individual Jurors

1. General Background Questions:

a. Location and date of birth

b. Current place of residence

c. Education

d. Marital status

e. Occupation

f. Employers and job titles during the last five years

g. Spouse's occupation

h. Number and age of children; occupation of grown children

i. Military service

2. Have you read any media reports about this case? If so, what were they? Have you formed opinions about this case based on those reports? If so, what are they?

3. What types of newspapers, magazines and websites, if any, do you read on a regular basis? Do you read any financial publications such as the *Wall Street Journal, Barrons, Investors' Business Daily, Forbes, Fortune, Business Week, Money*, or subscribe to any investment newsletters, or regularly read the business section of the newspaper?

4. Do you regularly watch television programs about the financial markets or news? If so, which ones?

5. Have you read books or articles or seen any television programs about SEC cases

involving fraud in the sale of securities?

a. if yes, did you form any opinion about those cases or the SEC that might affect your ability to be fair and impartial in this case?

6. Do you believe the federal government should have a role in regulating the U.S. securities markets and protecting investors?

7. Have you, or any member of your family, or any of your close friends, ever referred a complaint to the SEC for investigation? If yes, what was the nature of the referral, and do you believe the referral was handled appropriately?

8. Do you have any opinion about recent cases brought by the SEC, or cases involving fraud relating to securities, that might affect your ability to be fair and impartial in this case, such as cases involving[5]:

a. Bernie Madoff

b. Goldman Sachs

c. Rajat Gupta, Raj Rajaratnam

d. Fannie Mae

9. Have you, any member of your family or any of your close friends ever been employed by the SEC?

a. If so, in what capacity did they serve, and are they still employed by the SEC?

10. Have you, any member of your family, or any of your close friends ever been employed by a state, local or federal government agency, including any law enforcement

---

[5] **This question is objectionable for two reasons. First, it falsely suggests that the SEC brought a case against Bernard Madoff ("Madoff"), even though the SEC never did so. Second, it deliberately links Defendants with Madoff and other notorious defendants who have been convicted of criminal misconduct.**

agency?

Additional Questions for Prospective Jurors As a Whole

If any juror answers in the affirmative, the Commission requests that additional details regarding the response be elicited on an individual basis:

Other Lawsuits and Investigations

1. Have you, any member of your family, or any of your close friends ever been a defendant in a civil lawsuit?

a. If so, would that experience affect your ability to be fair and impartial in this case?

2. Have you, any member of your family, or any of your close friends ever filed a lawsuit against any person(s), company(ies) or governmental agency(ies)?

a. If so, would that experience affect your ability to be fair and impartial in this case?

3. Have you, any member of your family, or any of your close friends ever been accused of fraud, involving any investments made by any person, including investments in securities?

4. Have you, any member of your family, or any of your close friends ever been charged with violating any state or federal securities laws?

5. Have you, any member of your family, or any of your close friends ever been the victim of fraud?

a. If so, would that experience affect your ability to be fair and impartial in this case?

6. Have you, any member of your family, or any of your close friends ever been the

victim of a crime?

7. Have you, any member of your family, or any of your close friends ever been charged with violating the securities laws?

8. Have you, or any member of your family ever been charged with a crime?[6]

9. Have you, any member of your family, or any of your close friends ever had any experience with any law enforcement officer or government agency or official which might influence your consideration of the evidence in this case?

10. Have you, any member of your family, or any of your close friends ever been the subject of any investigation or accusation by any grand jury, federal or state, or any licensing organization?

a. If so, would that experience affect your ability to be fair and impartial in this case?

11. Have you, any member of your family, or any of your close friends ever been involved in an SEC investigation?

a. If so, how was that person involved in an SEC investigation?

b. If you know, what was the result of that investigation?

c. Would that experience affect your ability to be fair and impartial in this case?

12. Have you, any member of your family, or any of your close friends ever been a defendant in a case brought by the government or been involved in a dispute with the government or any agency of the government?

---

[6] **By asking prospective jurors if they have ever been the victims of a crime, Plaintiff is suggesting that a crime was committed here, which is not the case. Since no criminal conduct is alleged in this case, there is no reason why a juror's impartiality should be affected by whether the juror was ever the victim of a crime.**

a. If so, what was the nature of the dispute?

b. If you know, what was the result of that dispute?

c. Would that experience affect your ability to be fair and impartial in this case?

13. Have you, any member of your family, or any of your close friends ever given sworn testimony as a witness or party in any investigation or legal matter?

a. If so, what type of case?

b. How long ago did it take place?

c. What was the nature of the testimony?

d. Would that experience affect your ability to be fair and impartial in this case?

14. Have you ever served on a jury?

a. If so, what court did you serve in and what kind of case was it, civil or criminal?

b. Did the jury reach a verdict?

Securities and Investment Background

1. Have you, any member of your family or any of your close friends ever worked for a securities brokerage firm, mutual fund company, investment manager, investment adviser, securities trader, investment analyst, investment banker, stock promoter or

a. If yes, what was the name of the firm, the position and the length of employment.

2. Are you, or any member of your family or any of your close friends, your employer, or any entity that you own or control registered in any capacity with the SEC, e.g., as

a registered public company, broker-dealer, registered representative, investment adviser, or investment company?

3. Have you, or any member of your family, ever served as an officer or director of any public or private company?

Fairness and Impartiality[7]

1. The function of the jury is to decide questions of fact. You are the sole judges of the fact questions entrusted to you. However, when it comes to the law, you must take your instructions from the Court and you are bound by those instructions. You may not substitute your notions of what the law is or what you think it should be. At the conclusion of the case, your job will be to determine whether or not each defendant is liable as charged in the Complaint. Do any of you have any bias or prejudice that might prevent or hinder you from accepting the instructions of law that the Court will give you in this case?

2. In the present case, you are to decide the liability of each defendant. Curiosity being what it is, you may be tempted to speculate about the potential liability of others mentioned during this lawsuit, or to wonder about someone's absence in the case. There are a variety of reasons why someone may not be present at trial, or not named as a defendant. You are to only decide the issues before you based upon the evidence presented. Is there anyone on the panel who cannot promise to do that?

3. Under the law, only the evidence produced and admitted in court, the testimony of the witnesses and admitted documents and stipulations may be used by the jury to determine if

[7] **Defendants object to all of the "questions" under this heading. Although presented in the form of rhetorical questions, the "questions" are really jury instructions and, to the extent proper, should be presented as such. In place of these questions, a single question about whether the jurors will be able to follow the Court's instructions should be sufficient.**

the SEC has met its burden of proof. No one can investigate for himself or herself. No one should be doing internet searches of any kind. Will you be able to comply with those instructions?

4. Those of you who have sat on criminal cases or watch television will have heard of proof beyond a reasonable doubt. That is the standard of proof that is used in criminal cases. That is not the standard of proof that is to be used here since this is a civil case. Here, the SEC is required to prove its case by a preponderance of the evidence, which is a lesser standard than that of proof beyond a reasonable doubt. What that means is that with respect to each defendant, the SEC is required to produce evidence which, considered in the light of all the facts, leads you to believe that what the SEC claims is more likely true than not true. To put it differently, if you were to put the SEC's and a defendant's evidence on opposite sides of a scale, the SEC would have to make the scale tip slightly in its favor. If the SEC meets this burden, your verdict must be for the SEC; if it fails, the verdict must be for that defendant.

With that understanding of the law, is there anyone on the jury panel who would hold the SEC to a greater burden of proof than that of a preponderance of the evidence?

5. Do you accept the proposition that the question of remedies is for the Court alone to decide and that any possible remedies that may be imposed as to a defendant must not enter into your deliberations about whether a defendant on trial here is liable? Do any of you have any difficulty accepting this? Is there anyone on the panel who feels they could not find a particular defendant liable, no matter what the evidence proved, if they could not also determine the amount of monetary or other relief to be awarded?

6. It is not a particularly pleasant duty to decide that another individual has violated the law. Is there any juror who feels that even if the evidence established a defendant's liability

by a preponderance of the evidence, you might not be able to find that defendant liable for reasons unrelated to the law and the evidence?

7. Does any juror have any religious, philosophical or other belief which would make you unable to find any defendant liable for reasons unrelated to the law and the evidence?

8. Do any of you have such strong feelings in favor of the federal government, or in opposition to the federal government or any government agency, including the SEC, that you would be unable to fully and fairly evaluate the evidence in this case on the merits, without bias for or against any of the parties?

9. If you are selected to serve on this case you will be expected to be fair and impartial. Is there anything else regarding you, your background, or your personal circumstances that you believe the Court and the attorneys should be aware of in selecting a fair and impartial jury in this matter?

10. Apart from any prior questions, do any of you have the slightest doubt in your mind that, for any reason whatsoever, you will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained to you?