USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/12

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re THE RESERVE FUND SECURITIES AND DERIVATIVE LITIGATION | 09 MD. 2011 (PGG) |
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> RESERVE MANAGEMENT COMPANY, INC., RESRV PARTNERS, INC., BRUCE BENT SR., and BRUCE BENT II, <br><br> Defendants, <br><br> and <br><br> THE RESERVE PRIMARY FUND, <br><br> Relief Defendant. | **ECF CASE** <br><br> **ORDER** <br><br> 09 Civ. 4346 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

  Defendants have moved in limine to preclude the Commission from presenting evidence of alleged investor injury at trial. (Dkt. No. 493) The Commission has also moved in limine to exclude evidence of investor loss at trial. (Dkt. No. 501) The Court addresses these motions together.

### I. Neither Side Will Be Permitted To Present Evidence Regarding Investor Loss

  The Commission argues that investor loss is irrelevant to its claims in the Complaint, and seeks to preclude Defendants from introducing evidence about the distributions that were made to Primary Fund shareholders after the collapse of the Fund. (SEC MIL No. 2 Br. at 6) Defendants argue that they should be permitted to introduce evidence demonstrating that this is not a "Madoff situation," and that investors recouped most of their investment. (Def.

MIL No. 2 Opp. Br. at 11) While Defendants contend that they should be permitted to offer such evidence, they nonetheless argue that the Commission should be precluded from introducing any evidence or making any argument related to investor loss.[1] (Def. Investor Injury Br. at 1)

Both sides agree that the upcoming trial will address liability only and not civil penalties, and that investor loss is not an element of the SEC's claims. (SEC MIL No. 2 Br. at 6-7; Dkt. No. 455 (Joint Pre-trial Order) at 9; Birnbaum Decl. in Support of SEC MIL No. 2 Ex. O (May 29, 2012 Jacobs Ltr.) at 5("investor loss would not, under any circumstances, be part of this phase of the case")). Because investor loss is irrelevant to the jury's resolution of the Commission's claims, evidence and argument concerning this subject is likewise irrelevant. S.E.C. v. Apuzzo, 11 696 CV, 2012 WL 3194303, at *6 (2d Cir. 2012) ("in an enforcement action, civil or criminal, there is no requirement that the government prove injury, because the purpose of such actions is deterrence, not compensation."); S.E.C. v. Kelly, 765 F.Supp.2d 301, 319 (S.D.N.Y. 2011) ("unlike a private plaintiff, the SEC need not allege or prove reliance, causation, or damages in an action under Section 10(b) or Rule 10b-5.") (citing S.E.C. v. Credit Bancorp, Ltd., 195 F.Supp.2d 475, 490-91 (S.D.N.Y. 2002)). The jury will be instructed that the anti-fraud provisions of the federal securities laws are designed to remedy deceptive conduct regardless of actual loss to investors. S.E.C. v. Prater, 296 F.Supp.2d 210, 215 (D. Conn. 2003) ("the SEC is not required to allege or prove that investors relied on Defendants'

---

[1] Defendants argue that such an approach is proper because the Commission has made inconsistent arguments about the relevance of investor loss. (Def. Investor Loss Br. at 2) At summary judgment, the Commission argued that any civil penalty the Court imposed on Defendants should be determined in part on the basis of investor losses. (March 28, 2012 Tr. at 18-19) Defendants correctly pointed out that the SEC had, during discovery, argued that investor losses were irrelevant to its claims. (Id. at 19) The Court stated that because the Commission had resisted discovery concerning investor losses, it might be estopped "from arguing that any civil penalty to be imposed should be determined in part on the basis of investor losses." (Id. at 21) While the SEC has argued that investor losses should be considered in determining a civil penalty, it has never contended that investor loss is relevant to liability.

misrepresentations, or that specific investors suffered actual harm as a result of Defendants' misrepresentations.") (internal citations omitted); see also S.E.C. v. Pirate Investor LLC, 580 F.3d 233, 239 n.10 (4th Cir. 2009) ("Unlike private litigants seeking damages, the Commission is not required to prove that any investor actually relied on the misrepresentations or that the misrepresentations caused any investor to lose money.") (quoting S.E.C. v. Blavin, 760 F.2d 706, 711 (6th Cir.1985)).

In sum, no evidence of shareholder loss, or lack of loss, will be admitted at trial, and no argument concerning this subject will be permitted. Defendants' Exhibits 194-202, which reflect distributions made by the Reserve to shareholders, are therefore precluded.

## II.   SEC Exhibits 135 And 239 Must Be Redacted But Are Not Excluded

Defendants argue that SEC Exhibits 135 and 239 should be excluded because both discuss investor loss. These exhibits will not be precluded on this basis. There is very little in either document that pertains to loss amounts: SEC Exhibit 135 contains one sentence concerning losses that the investor believes that it suffered. (Ex. 135 at 2) SEC Exhibit 239 contains two paragraphs regarding loss. (Ex. 239 at 3) The portions of these documents that discuss loss can and will be redacted. There is no need to exclude these documents in their entirety because they briefly discuss investor loss.

## CONCLUSION

For the reasons stated above, Defendants' motion is granted in part and denied in part. The SEC's motion to preclude evidence of investor loss at trial is granted.

The Clerk of the Court is directed to terminate the motion. (Dkt. No. 493)

Dated: New York, New York
       September 11, 2012

                                              SO ORDERED.

                                              _____
                                              Paul G. Gardephe
                                              United States District Judge