| | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 9/12/12 |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE<br>SOUTHERN DISTRICT OF NEW YORK | |
| In re THE RESERVE FUND SECURITIES AND<br>DERIVATIVE LITIGATION | 09 MD. 2011 (PGG) |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>RESERVE MANAGEMENT COMPANY, INC.,<br>RESRV PARTNERS, INC., BRUCE BENT SR., and<br>BRUCE BENT II,<br><br>　　　　　　　Defendants,<br><br>　　　and<br><br>THE RESERVE PRIMARY FUND,<br><br>　　　　　　　Relief Defendant. | **ECF CASE**<br><br>**ORDER**<br><br>09 Civ. 4346 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

　　　　This matter is scheduled for trial on October 1, 2012. This Order addresses Defendants' request to seal four trial exhibits, as well as the Commission's request that Defendants make another attempt to upload into ECF two documents that Defendants have characterized as "too large to file electronically." (Def. Aug. 16, 2012 Ltr. at 2)

　　　　Defendants request that the Court order the following exhibits sealed: (1) PX 148 – a September 15, 2008 email between Bent II and his wife in which they discuss an earlier Board of Trustees' meeting that day and shareholder redemptions; (2) PX 182 and PX 183 – the Bents' net worth statements; and (3) PX 275 – an Excel spreadsheet that summarizes email correspondence between Bent II and his wife on September 15 and 16, 2008. Defendants also

seek an order sealing the accompanying 71 emails; it is not expected that the emails will be introduced at trial.

I. **LEGAL STANDARD**

"The common law right of public access is firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). "The presumption of access is based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice." Id.

The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal. First, a court must determine whether the presumption of access attaches. A presumption of access attaches to any item that constitutes a "judicial document" – i.e., an "item . . . relevant to the performance of the judicial function and useful in the judicial process." Lugosch, 435 F.3d at 119 (quotation omitted). "[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." United States v. Amodeo, 44 F.3d 141, 145 (2d Cir.1995). The mere fact that a document was filed in court is not sufficient to create a right of public access. See id.

If the court determines that the item to be sealed is a judicial document, the court must then determine the weight of the presumption of access. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Lugosch, 435 F.3d at 119 (quotation omitted). "Generally, the information will

2

fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." Id. (quotation omitted).

After determining the weight of the presumption of access, the court must then "balance competing considerations against it." Id. at 120. (quotation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." Id. (quotation omitted).

The Second Circuit has stated that "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. (quoting In re New York Times Co., 828 F.2d at 116 (internal quotation marks omitted). "Broad and general findings by the trial court, however, are not sufficient to justify closure." Id. A party seeking to maintain judicial documents under seal bears the burden of demonstrating that "higher values" overcome the presumption of public access and justify sealing. DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 826 (2d Cir. 1997).

## II. ANALYSIS

Defendants argue that their sealing motion should be granted because the values in question are high, the sealing request is narrowly tailored, and the effect on the public is minimal, as the materials they seek to seal are not relevant to the claims or defenses in this case. The Commission does not consent to sealing any of the documents in question, arguing that Defendants have not met the Lugosch standard.

### A. PX 275 and Accompanying Documents

PX 275 is an Excel spreadsheet listing email traffic between Bent II and his wife on September 15 and 16, 2008.[1] The content of the communications is not disclosed in PX 275, which sets forth only the date and time that emails were sent between Bent II and his wife. The SEC expects to introduce this exhibit at trial. It is therefore considered a judicial document. Defendants have made no argument as to what privacy interests are implicated by the admission of PX 275. Defendants' request to seal PX 275 is therefore denied.

As to the 71 emails that accompany PX 275, the Court does not expect that any of this material will be introduced at trial or considered by the Court. Accordingly, these emails are not properly considered judicial documents. Gosmile, Inc. v. Dr. Jonathan Levine, D.M.D. P.C., No. 10 Civ. 8663(PKC), 2012 WL 1382557, at * 1 (S.D.N.Y. Apr. 20, 2012) (where the court did not weigh the documents at issue in resolving the parties' motions, they are immaterial and are not considered judicial documents) Because these personal emails present privacy concerns, Defendants' sealing request will be granted as to the 71 emails that accompany PX 275.

### B. PX 148

PX 148 contains an email communication between Bent II and his wife – Rebecca Gareis Bent – on September 15, 2008. The Court has previously ruled that Exhibit 148 is relevant to Bent II's scienter (Dkt. No. 543) and that the spousal privilege was waived because this communication took place over RMCI's email system. See In re Reserve Fund Securities and Derivative Litigation, 275 F.R.D. 154, 164 (S.D.N.Y. 2011). Defendants nonetheless argue that this spousal communication should be sealed under Lugosch.

---

[1] The relevance of the chart is addressed in the Court's order resolving the SEC's motion in limine No. 3. (Dkt. No. 543)

4

While PX 148 reflects a communication between spouses, the subjects of the communication are a September 15, 2008 Board of Trustees meeting, whether the Board valued the Lehman debt at par, the fact that shareholders are redeeming their investments in the Primary Fund, and the "need to try and prevent those [redemptions]." See PX 148. This document will be introduced at trial and bears directly on a critical issue in this case – Bent II's scienter. The Court concludes that the presumption of access is not overcome as to PX 148, and Defendants' motion to seal this exhibit will be denied.

### C.   PX 182 and PX 183

As to PX 182 and 183 – the Bents' net worth statements – the Commission has stated that it intends to redact these documents to remove account numbers, address information, and dollar amounts appearing in the statements of account. Defendants have not explained why these steps are not sufficient to protect the Bents' privacy interests.

The Commission is directed to redact all account numbers, address information, and dollar amounts appearing on PX 182 and PX 183 before these documents are filed. Defendants' motion to seal PX 182 and PX 183, as redacted, is denied.

### III.   EXHIBITS S AND T TO GEHRING DECLARATION

In an August 13, 2012 letter, the Commission states that Defendants have not electronically filed Exhibits S and T to the Gehring Declaration (Dkt No. 533). Defendants maintain that these documents are "too large to file electronically." (See SEC Aug. 13, 2012 Ltr. at 3; Def. Aug. 16, 2012 Ltr. at 2) These exhibits contain excerpts from Catherine Crowley's deposition. It is not clear to the Court why these exhibits – which do not appear to be particularly large – could not be uploaded. Defendants are ordered to make another attempt to upload these documents so as to complete the record.

## CONCLUSION

For the reasons stated above, Defendants' request to seal documents is granted as to the emails accompanying PX 275, and denied as to PX 148, 182 and 183 (as redacted), and 275. Defendants will electronically file Exhibits S and T to the Gehring Declaration (Dkt No. 533).

Dated: New York, New York
       September 12, 2012

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

6