## MEMO ENDORSED

**Duane Morris**

*The application is denied. The sentence cited by Defendants is a passing reference by two Commissioners in the context of a much larger discussion of whether new regulations are necessary as part of an overall restructuring of the money market fund industry. The two Commissioners do not speak, and do not purport to speak, for the Commission as a whole. Moreover, Defendants already have ample means available to them to demonstrate the obvious fact that the collapse of the Primary Fund took place "in the midst of a financial crisis of historic proportions."*

**SO ORDERED:**

*[signature]*

Paul G. Gardephe, U.S.D.J.

09cv4346(PGG)   Date: Sept. 28, 2012

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
BOCA RATON
LAKE TAHOE
MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

JOHN DELLAPORTAS
DIRECT DIAL: 212.692.1012
E-MAIL: DELLAJO@DUANEMORRIS.COM

www.duanemorris.com

September 27, 2012

Via E-mail (MICHAEL_HERMAN@nysd.uscourts.gov)

Hon. Paul G. Gardephe
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *SEC v. Reserve Management Co., Inc.*, No. 09-Civ-4346 (PGG)

Dear Judge Gardephe:

     On behalf of defendants Reserve Management Company, Inc. (RMCI), Resrv Partners, Inc., Bruce Bent Sr. and Bruce Bent II, (together, "Defendants"), we respectfully write to request reconsideration of the Court's bench ruling that trial exhibit DX-312 is untimely.

     DX-312 (annexed hereto) is an August 28, 2012 statement by two SEC Commissioners, Daniel M. Gallagher and Troy A. Paredes, which states, inter alia, that "*the Reserve Primary Fund did not 'break the buck' in a vacuum, but rather in the midst of a financial crisis of historic proportions.*" (Emphasis added.) Commissioner Paredes was appointed in August 2008 – a month before the event he describes. As previously articulated to the Court, Defendants believe that this sort of contextual evidence is highly relevant to the scienter issue.

     Further, DX-312 is admissible under Fed. R. Evid. 801(d)(2)(D) ("a statement is not hearsay when made by the party's agent or servant concerning a matter within the scope of the agency or employment, and during the existence of the relationship"). That DX-312 is made by only two of the five SEC Commissioners does lessen its admissibility. Under Rule 801(d)(2)(D), as construed by the Second Circuit, "the declarant need not be the 'final decision maker' … for his statement … to be deemed within the scope of his agency. Rather, he need only be an advisor or other significant participant in the decision-making process that is the subject matter of the statement." United States v. Rioux, 97 F.3d 648, 661 (2d Cir. 1996).[1]

---

[1] See also, e.g., Schafer v. Brown v. Metropolitan Atlanta Rapid Transit Authority, 2008 U.S. App. Lexis 351, **12, n.7 (11th Cir. 2008) (statement by chairman of committee of transit authority held to be party admission); Larch v. Mansfield Mun. Elec. Dept. 272 F.3d 63, 72 (1st Cir. 2001) (statements by commissioner of municipal electric department held to be party admissions).

DUANE MORRIS LLP

1540 BROADWAY   NEW YORK, NY 10036-4086   PHONE: +1 212 692 1000   FAX: +1 212 692 1020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/12

Hon. Paul G. Gardephe  DuaneMorris
September 27, 2012
Page 2

      We acknowledge that this trial exhibit was served after the June 11, 2012 deadline for the submission of the Joint Pretrial Order. However, that was only because the document did not yet exist. We respectfully submit that the addition of this one document to defendants' trial exhibit list, almost three weeks in advance of trial (DX-312 was provided to the SEC on September 19), would not unduly prejudice the SEC, particularly given that it was pulled from the SEC's own web site. The exhibit would, moreover, help Defendants explain the unprecedented context of the events in question, which is directly relevant to scienter.

      Accordingly, Defendants request permission to introduce DX-312 at trial. If admitted, the exhibit would be used solely with respect to the above-quoted language about the Reserve Primary Fund, and not for any other purpose.

                          Respectfully,

                          John Dellaportas

cc:    Nancy Brown, Esq. (by e-mail)
        Fran M. Jacobs, Esq. (by e-mail)