```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/2/12
```



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
NEW YORK, NY 10281-1022

NANCY A. BROWN
TELEPHONE: (212) 336-1023
FACSIMILE: (212) 336-1319

September 28, 2012

**MEMO ENDORSED**

*The motion to quash is granted.*

**VIA EMAIL AND UPS OVERNIGHT**

Hon. Paul G. Gardephe
United States District Judge
United States District Court for the
    Southern District of New York
500 Pearl Street
New York, NY 10007

**SO ORDERED:**

*Paul G. Gardephe*
Paul G. Gardephe, U.S.D.J.
Dated: Oct 2, 2012

Re:    SEC v. Reserve Management Company, Inc., et al;
       No. 09 Civ. 4346 (PGG)

Dear Judge Gardephe:

    We represent the Plaintiff, Securities and Exchange Commission, in this action.

    This afternoon, we received notice of the attached trial subpoenas that Defendants have issued (or intend to do so). They seek the production of a video of a September 15, 2008 CNN interview of Chris Cox, ex-Chairman of the Commission, on the topic of the Lehman bankruptcy, his work over the prior weekend to attempt its rescue, and the reasons for the decision not to do so. The transcript of that video is on Defendants' Exhibit list as DX 39 and is the subject of our Motion in Limine No. 2 (DE 502).

    We respectfully request that the Court quash these subpoenas. The trial subpoenas are an improper attempt to obtain materials that were available to Defendants in discovery, long after discovery has closed and on the eve of trial. Courts routinely quash exactly this type of late subpoena. See, e.g., McKay v. Triborough Bridge and Tunnel Authority, No. 05 Civ. 8936 (RJS), 2007 WL 3275918, at *2 (S.D.N.Y. Nov. 5, 2007) (citing Dodson v. CBS Broad. Inc., No. 02 Civ. 9270( KMW)( AJP), 2005 U.S. Dist. LEXIS 30126, at * 3-4, 2005 WL 3177723 ( S.D.N.Y. Nov. 29, 2005) (collecting cases); Ellis v. City of New York, 243 F.R.D. 109, 112 (S.D.N.Y.2007); Playboy Enters. Int'l Inc. v. On Line Entm't, Inc., No. 00 Civ. 6618(RJD), 2003 WL 1567120, at *1 (E.D.N.Y. Mar.13, 2003) (granting motion to quash where "plaintiffs took it upon themselves to serve subpoenas, without prior application to the Court, months after

Hon. Paul G. Gardephe                                        September 28, 2012
                                                              Page 2

discovery closed, little more than a month before trial, upon a non-party from whom discovery was never before sought."); Stockwell v. American Allsafe Co., No. CIV-84-1179E, 1986 WL 13941, at *1 (W.D.N.Y. Dec. 9, 1986) (granting a motion to quash a subpoena as untimely where the subpoena sought employment records and was not served until approximately eight months after the close of discovery)); cf. Joseph P. Carroll Ltd. v. Baker, No. 09 Civ. 3174 (SHS), 2012 WL 1232957, at *2 (S.D.N.Y. April 12, 2012) (where party sought transcripts (that did not exist before the close of discovery) for use at trial for impeachment purposes only, trial subpoena could be issued).

Defendants cannot suggest that the video of Chairman Cox's interview was unavailable to them during discovery, and offer no explanation for why they did not subpoena it then. Nor can they claim that these materials are to be used for impeachment or cross-examination only (and Chairman Cox appears nowhere on their witness list). Instead, they seek now to re-open discovery to supplement what they failed to obtain during the scheduled period. But, as the Court ruled at the latest conference, the time has long since passed for such discovery. (September 27, 2012 Conference Tr. at 14 ("There will be no more exhibits added. . . . We have had years of discovery here. We are not going to be adding things a week before trial.").)

More importantly, the Cox interview should not be admissible in any form. Given that its focus is entirely Lehman-oriented, it has no bearing whatsoever on the issues to be tried in this case. As the Court has already held, "[t]he upcoming trial, however is not about whether the Government should have more closely supervised Lehman, or about whether it should have rescued Lehman. . . . The Government's handling of the Lehman bankruptcy and its fallout will not be on trial." (DE 541 at 5.) Because that is what the Cox interview addresses, it should not be admissible in any form.

                                              Respectfully submitted,

                                              Nancy A. Brown

Enclosures

cc:   John Dellaportas, Esq.