USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/8/12

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re THE RESERVE FUND SECURITIES AND DERIVATIVE LITIGATION | 09 MD. 2011 (PGG) |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RESERVE MANAGEMENT COMPANY, INC., RESRV PARTNERS, INC., BRUCE BENT SR., and BRUCE BENT II,<br><br>Defendants,<br><br>and<br><br>THE RESERVE PRIMARY FUND,<br><br>Relief Defendant. | ECF CASE<br><br>**ORDER**<br><br>09 Civ. 4346 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

  In an Order dated September 10, 2012 (Dkt. No. 541), familiarity with which is presumed, the Court denied Defendants' motion in limine concerning proposed expert testimony from Professor Richard Painter. Briefly, at summary judgment, the Court granted in part the Commission's motion to preclude Professor Painter's expert report, finding that his opinions improperly sought to usurp the function of the Court, and ultimately the jury. (Dkt. No. 541 at 1) The Court noted at that time, however, that "in determining whether the defendants intentionally or recklessly made false and misleading statements, it may be appropriate for the jury to hear testimony that puts the events of September 2008 in historical context." (Id. at 2 (quoting March 28, 2012 Tr. at 8); see also July 13, 2012 Tr. at 5-6) The Court further noted that Professor Painter would likely "be an appropriate person to deliver such testimony." (Id.) Defense

counsel stated that he would "highlight those portions [of Professor Painter's report] which [he believed were] consistent with" the Court's ruling and "strike out those portions [he believed were] inconsistent."  (July 13, 2012 Tr. at 8)

In its September 10, 2012 Order, the Court discussed Defendants' suggested deletions from Professor Painter's report, and concluded that Defendants proposed to admit large portions of Painter's report that "go[] far beyond the limited contextual testimony described by the Court."  (Dkt. No. 541 at 5)  Defendants proposed to admit Painter's analysis of alleged defects and weaknesses in the regulatory scheme, as well as shortcomings in the Government's response to Lehman's bankruptcy.  Because the upcoming trial is not about the adequacy of the Government's supervision of Lehman, or the efficacy of its response to the Lehman bankruptcy – but rather is about whether Defendants made false and misleading statements to the public and to the Fund's trustees on September 15 and 16, 2008 – Painter's proposed testimony presented a grave risk of jury confusion and accordingly was excluded under Fed. R. Evid. 403 .  (Id. at 5-7)

In a September 13, 2012 letter, Defendants propose additional deletions from Professor Painter's report, in an effort to make it and his testimony admissible.  (Def. Sept. 13, 2012 Ltr., Ex. (Painter Report))  The Commission argues that Defendants' most recent proposal still includes irrelevant information about the Consolidated Supervised Entity ("CSE") program, and that any relevant information Painter proposes to discuss could be adequately addressed by Bent Sr.

Defendants' most recent proposal eliminates much of what was objectionable in Professor Painter's original report.  To the extent Defendants propose that Professor Painter provide testimony concerning the extraordinary nature of events on September 15 and 16, 2008, the Court continues to believe that such testimony is relevant on the issue of scienter.

2

Defendants are entitled to present evidence to the jury demonstrating that the events that took place on September 15 and 16, 2008, were not "business as usual." The Lehman bankruptcy was a cataclysmic event, and was the impetus for a financial crisis unlike anything this nation has seen since the Great Depression. Defendants' statements and conduct on September 15 and 16, 2008, must be considered in the context in which they occurred.

Undoubtedly Bent Sr. can, and will address, the extraordinary circumstances that Defendants confronted on September 15 and 16, 2008, but that does not mean that Professor Painter's proffered testimony is cumulative or redundant. By virtue of his academic background and experience, Professor Painter can provide testimony that puts the Lehman bankruptcy in historical context. He can testify as to the dysfunction of the markets on those days, and the resulting illiquidity. These matters are complex and likely beyond the ken of many jurors, and thus an appropriate subject for expert testimony under Fed. R. Evid. 702. To the extent that Defendants testify that their public statements were based, in part, on their understanding that Lehman was subject to the CSE program, Professor Painter will be permitted to explain the nature of that program. Again, the purpose of this testimony is to put the events of September 15 and 16, 2008 in historical context; the purpose is not to explore whether the Government should have supervised Lehman more closely, whether it should have rescued Lehman, or whether its response to the Lehman bankruptcy was adequate.

Accordingly, Professor Painter will be permitted to testify to those matters that remain in the version of his report attached to defense counsel's September 13, 2012 letter, except as to the following: Professor Painter will not present excerpts from the Report of the Financial Crisis Inquiry Commission; he will not present Chairman Schapiro's description of the CSE program to the jury (although he may present his own understanding of the CSE program to

3

the jury); and he will not be permitted to testify that the CSE program gave "money market fund managers good reason to be confident in the viability of Lehman Brothers, and good reason to be confident that even if Lehman Brothers ran into financial difficulty[,] its senior creditors would ultimately be paid." (Def. Sept. 13, 2012 Ltr., Ex. (Painter Report) at 15)  Professor Painter will likewise not be permitted to testify as to the conclusions set forth in the bankruptcy examiner's report concerning Lehman.  (Id. at 17)

Dated:  New York, New York
        October 8, 2012

SO ORDERED.

*[signature: Paul G. Gardephe]*

Paul G. Gardephe
United States District Judge