

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
NEW YORK, NY 10281-1022

NANCY A. BROWN
TELEPHONE: (212) 336-1023
FACSIMILE: (212) 336-1319

September 9, 2013

**VIA EMAIL**

Hon. Paul G. Gardephe
United States District Judge
United States District Court for the
    Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2204
New York, NY 10007

    Re:    SEC v. Reserve Management Company, Inc., et al;
            No. 09 Civ. 4346 (PGG)

Dear Judge Gardephe:

    We represent the Plaintiff, Securities and Exchange Commission, in this action.

    We write in response to Friday's letter from John Browne, counsel to the Class Plaintiffs in In re The Reserve Primary Fund Securities & Derivative Class Action Litigation, 09-md-2011 (PGG), requesting a conference to set a schedule for the approval process of the settlement among Defendants, the Class and the Independent Trustees (the "Proposed Settlement").

    Mr. Browne's request is premature. As the Court is aware, before the Court and fully briefed are the post-trial motions submitted by the Commission and Defendants in the instant action. Resolution of those motions will affect the amounts left in the Expense Fund. Thus, for that reason alone, the Proposed Settlement cannot be approved, even preliminarily, because it contemplates distribution of money from the same fund. Two examples illustrate the effect resolution of the post-trial motions will have on the amounts in the Expense Fund:

    (1)    Both Defendants and the Independent Trustees earmark millions of dollars that will be held back from distribution if litigation with the Commission continues. If, for example, the Court were to deny the Commission's motions for a new trial, much of those holdbacks could be added to any distribution.

    (2)    The Commission has sought penalties and disgorgement against RMCI, Resrv Partners and Bent II. We have also undertaken to seek approval for a Fair Fund so that

Hon. Paul G. Gardephe  
September 9, 2013  
Page 2

those amounts can be returned to investors if awarded. If the Court grants the Commission's outstanding motion for penalties and disgorgement, those amounts could be added back to the Expense Fund for distribution. But because the costs of a second distribution may be prohibitive, any Commission recovery would not be distributable to investors if its entitlement to those amounts is resolved after the Proposed Settlement is approved. Additionally, any payment out of the Expense Fund to RMCI or Resrv Partners – entities that are largely defunct – threatens to interfere with any penalty awarded against those entities. As "S" corporations, they are likely to transfer those amounts out to their shareholders soon after payment, leaving the Commission's penalty award unenforceable.

If the Court preliminarily approves the Proposed Settlement and directs that Notice of it be sent, the costs incurred to do so might well have to be spent twice if the amounts to be distributed are affected by the resolution of those motions.

The Commission's position should not be misunderstood. We welcome the Defendants' contribution of $10 million dollars for distribution to investors on the Class Plaintiff's claims, and, to that extent, we have no objection to the Proposed Class/Independent Trustees' Settlement. However, we respectfully request that the Court not allow the Proposed Settlement to interfere with the resolution of the Commission's case. Indeed, because the Proposed Settlement does interfere with the Commission's pursuit of remedies for securities fraud, it is prohibited by 15 U.S.C. § 78u(g) (prohibiting consolidation of private actions with SEC enforcement actions absent Commission consent). See SEC v. Benger, No. 09 C 0676, 2010 WL 724416, *6 n. 9 (N.D. Ill. Feb. 23, 2010) (denying intervention of private plaintiff seeking damages against defendant in SEC enforcement action and noting Congressional intent that SEC enforcement actions "should not be litigated in conjunction with private actions because the purpose of the SEC action and the purpose of private actions might be different."); cf. SEC v. Prudential Secs, Inc., 171 F.R.D. 1, 4 (D.D.C. 1997) (permitting intervention of private plaintiffs after a final judgment on the Commission's claims).

Thus, efficiency, cost, and a desire to obtain maximum recovery for investors all require resolving the already-briefed post-trial submissions prior to the proposed class settlement.

Respectfully submitted,

Nancy A. Brown

cc (via email):

John Dellaportas, Esq.