

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
NEW YORK, NY 10281-1022

NANCY A. BROWN
TELEPHONE: (212) 336-1023
FACSIMILE: (212) 336-1319

September 9, 2013

**VIA EMAIL**

Hon. Paul G. Gardephe
United States District Judge
United States District Court for the
    Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2204
New York, NY 10007

      Re:    SEC v. Reserve Management Company, Inc., et al;
             No. 09 Civ. 4346 (PGG)

Dear Judge Gardephe:

    We represent the Plaintiff, Securities and Exchange Commission, in this action.

    In connection with the Commission's pending motions for disgorgement, penalties and injunctive relief, we write to bring two new matters to the Court's attention.

    First, since the motions were filed, Defendants have consented to entry of injunctive relief against RMCI and Resrv Partners on all claims asserted by the Colorado state securities regulator arising out of the same facts and circumstances as those alleged here. Accordingly, there is no longer any basis for Defendants' contention that injunctive relief is inappropriate here against the same entities for the same conduct, or that it would create an unwarranted "stigma," (DE 627 at 38-39). (We enclose a copy of the Colorado Consent Judgment for the Court's convenience.)

    Second, the Second Circuit recently clarified the Court's discretion to calculate penalties on a per violation basis. In SEC v. Pentagon Capital Mgmt. PLC, -- F.3d --, 2013 WL 4017028, *8 n. 7 (2d Cir. Aug. 8, 2013), in a market timing enforcement action, the Court affirmed the District Court's ability to calculate penalties "by counting each late trade as a separate violation," notwithstanding that that methodology would produce penalties in excess of six billion dollars for thousands of wrongful trades. SEC v. Pentagon Capital, No. 08 Civ. 3324 (RWS), 2012 WL 1036087, *3 (S.D.N.Y. March 28, 2012). Thus, as we argued in our briefs (SEC Moving Br. (DE 622) at 27-30; SEC Reply (DE 624) at 21-22), penalties can be awarded here for each offer,

Hon. Paul G. Gardephe  September 9, 2013
Page 2

or each victim, as an appropriate measure of each entities' violations.

Respectfully submitted,

Nancy A. Brown

Enclosure
cc (via email w/encl.):

    John Dellaportas, Esq.

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>Court Address:<br>1437 Bannock Street, Rm 256, Denver, CO, 80202<br>**Plaintiff(s)** FRED J JOSEPH<br>v.<br>**Defendant(s)** RESERVE FUND et al. | DATE FILED: February 28, 2013 |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2009CV452<br>Division: 259    Courtroom: |
| **Order: Order of Permanent Injunction and Other Relief** | |

The motion/proposed order attached hereto: APPROVED.

Issue Date: 2/28/2013

*[signature]*

MICHAEL ANTHONY MARTINEZ
District Court Judge

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>1437 Bannock Street<br>Denver, CO  80202 | |
| FRED J. JOSEPH,<br>Securities Commissioner for the State of Colorado,<br><br>Plaintiff,<br><br>v.<br><br>THE RESERVE FUND, RESERVE MANAGEMENT COMPANY, INC., RESRV PARTNERS, INC., and BRUCE R. BENT<br><br>Defendants. | |
| | ▲ **COURT USE ONLY** ▲ |
| **BY THE COURT:** | Case No.:  09CV452<br>Courtroom: |
| **ORDER OF PERMANENT INJUNCTION AND OTHER RELIEF** | |

THIS MATTER is before the Court on the Stipulation for Order of Permanent Injunction and Other Relief ("Stipulation") filed by the Plaintiff, Fred J. Joseph, Securities Commissioner for the State of Colorado ("Commissioner") and Defendants Reserve Management Company, Inc., Resrv Partners, Inc., and Bruce R. Bent.  By entering into this Stipulation, Defendants neither admit nor deny that any of the allegations, grounds, or claims of liability against them contained in the Complaint for Injunctive and Other Relief ("Complaint") is true.  Based on the Stipulation, and being duly advised in the premises, the Court hereby finds that the Stipulation provides for a fair, just, and expeditious resolution of the claims asserted by the Commissioner against Defendants.

THEREFORE, IT IS HEREBY ORDERED as follows:

     1.     The Court has jurisdiction over all defendants and the subject matter of this action.

     2.     Reserve Management Company, Inc. and Resrv Partners, Inc. (collectively, the "Reserve Defendants") are hereby immediately and permanently restrained and enjoined from engaging, directly or indirectly, in any of the following acts:

          a.     Associating in any capacity with any broker-dealer, sales representative, promoter, issuer, financial planner, investment adviser, or

investment adviser representative, engaged in business in Colorado, or any individual or entity engaged in the offer, purchase, or sale of securities or any investment in or from Colorado. For purposes of this Order, "associating in any capacity" shall mean acting as a broker-dealer, sales representative, promoter, issuer, financial planner, investment adviser, investment adviser representative (or occupying a similar status or performing similar functions), or directly or indirectly controlling, acting as agent for, or exercising common control of a broker-dealer; sales representative, promoter, issuer, financial planner, or investment adviser, or any employee of a broker-dealer, sales representative, promoter, issuer, financial planner, or investment adviser.

      b.      In the event the terms of paragraph 2(a) are modified or vacated by an order of the Court after the date of this Order, or in the event that any of the Reserve Defendants' conduct is not otherwise proscribed by the terms of paragraph 2(a), the following shall nonetheless be prohibited concerning the Reserve Defendants and those persons identified in paragraph 2(a), above:

          1)      Offering to sell or selling any securities or investments in the State of Colorado, unless such securities or investments are registered pursuant to sections 11-51-302, 303, or 304, C.R.S. (2012), or successor statutes, or exempt from registration pursuant to sections 11-51-307, 308, or 309, C.R.S. (2012), or successor statutes; or

          2)      Engaging in business in the State of Colorado as a securities broker-dealer, sales representative, investment adviser, or investment adviser representative, as may be, in violation of sections 11-51-401 and 402, C.R.S. (2012), or successor statutes; or

          3)      In connection with the offer, sale, or purchase of any security in the State of Colorado, directly or indirectly:

              i)      employing any device, scheme, or artifice to defraud; or

              ii)      making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading; or

              iii)      engaging in any act, practice, or course of business which operates or would operate as a fraud and deceit upon any person;

in violation of section 11-51-501(1), C.R.S. (2012), or successor statute.

3.      The Reserve Defendants shall comply with the provisions of the Stipulation attached hereto, and such Stipulation shall be incorporated into and made a part of this Order as if fully stated herein.

4.      The Court shall retain jurisdiction over this action to ensure the Reserve Defendants' compliance with this Order and the Stipulation, and reserves the power to enter additional orders to effectuate and to ensure the Reserve Defendants compliance with this Order and Stipulation.

5.      The action against Bruce R. Bent is dismissed with prejudice.

6.      The Reserve Defendants' failure to comply with this Order or the Stipulation may constitute grounds for further sanctions against them, including the sanction of contempt.

Done this _____ Day of _____, 2013.

BY THE COURT:

_____
Denver District Court Judge