# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

John C. Browne
johnb@blbglaw.com
212-554-1398

September 11, 2013

**Via E-Mail**

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Room 2204
New York, New York 10007

        Re:    *In re The Reserve Primary Fund Securities & Derivative Class Action Litigation*, 08-cv-8060 (PGG); 09-md-2011 (PGG)

Dear Judge Gardephe:

        We represent the Court-appointed Lead Plaintiff Third Avenue Institutional International Value Fund L.P. ("Lead Plaintiff") in the above-captioned class action. We write on behalf of Lead Plaintiff, Defendants and the Independent Trustees in response to the SEC's letter dated September 9, 2013.

        As the Court is aware, in February of this year the parties reached an agreement in principle to settle this class action. Over the next six months, in an effort to present a global settlement to the Court, the parties engaged in extensive discussions with the SEC staff regarding a potential settlement of the SEC's action against Defendants. As part of those discussions, Lead Plaintiff, Defendants, and the Independent Trustees agreed to make several changes to the class action settlement as requested by the SEC staff. Indeed, as of early last week we understood that we had resolved any concerns that the SEC staff had with the proposed Settlement and understood that Defendants and the SEC were on the verge of voluntarily resolving their case as well. On September 5, 2013, much to our surprise, we were informed that the SEC was no longer willing to settle with Defendants on any terms. On September 6, 2013, we filed our motion seeking preliminary approval of the proposed class action settlement.

        On Monday, September 9, 2013, the SEC submitted a letter seeking to delay the approval process for the class action settlement. Notably, the SEC's letter does not dispute that the class settlement – which was the product of extremely hard-fought negotiations overseen by an experienced Mediator and involving all competing claims to the remaining funds – is an excellent result for shareholders. Rather, the SEC claims that the settlement should be further delayed in favor of the SEC's case, and that approval proceedings would be "premature."

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Paul G. Gardephe
September 11, 2013
Page 2

      The SEC's newly stated reasons for delaying the class Settlement lack merit.  <u>First</u>, the SEC argues that resolution of the post-trial motions in the SEC action may affect the amounts in the Expense Fund.  But, as demonstrated by the two examples in the SEC letter, such resolution would only potentially *increase* the amount of the Expense Fund.  *See* SEC Letter pp. 1-2 ("much of those holdbacks could be added to any distribution"; "those amounts could be added back to the Expense Fund for distribution").  This is no basis for delaying preliminary approval of the class settlement.  Even if the SEC were to succeed in obtaining additional penalty amounts, and sought to distribute those amounts to investors through the class action distribution process, an additional notice would be unnecessary; rather, Lead Plaintiff can simply add into the current notice an explanation that additional funds *may* be obtained and distributed.

      <u>Second</u>, while the SEC's position is somewhat unclear, to the extent it is asserting that the class action settlement cannot proceed because it includes a negotiated resolution of Defendants' claims for indemnity, expenses and attorney fees, its position is baseless.  Defendants have lodged those claims against *shareholder* money.  There can be no dispute that shareholders – and the Independent Trustees – are entitled to make a reasoned determination that it is in their best interest to reach a voluntary resolution of those claims.  This is particularly true here, as the proposed settlement requires Defendants to relinquish the majority of their claims against the Fund, and eliminates the years of additional delay and concomitant costs that would occur if the Court were to rule on those motions and one or all parties appeal (a virtual certainty).

      Moreover, a negotiated resolution of these claims in no way infringes on the SEC's case.  The SEC is still free to pursue its claims for penalties based on the verdict it obtained at trial.  Indeed, not only does the class Settlement not interfere with the SEC's case, it makes the Court's task in deciding the pending post-trial motions that much easier.  As part of the class Settlement, Defendants would forsake their claim to all amounts the SEC seeks to have "disgorged," including management fee profits, broker's fees, and Bent II salary expenses.  *See* ECF No. 223-1 pp. 16-17 of 74.  Defendants would also forsake their claims to additional sums sought in their own post-trial motions in the SEC matter (some $42.5 million in total), including their pre-judgment interest claim, and 18% of their base indemnity claim.  *Id.*  In short, the class Settlement, if approved, would relieve the Court of having to adjudicate a series of complex and unsettled issues that the Funds' fiduciaries have instead decided to resolve on a consensual basis.

      <u>Third</u>, during nearly six months of negotiations with the SEC staff, they never once raised the notion that the class action settlement was prohibited because it interfered with the SEC's case.  And the two opinions that the SEC now cites for this proposition are not even remotely on point.  *See SEC v. Benger*, 2010 WL 724416 (N.D. Ill. Feb. 23, 2010) (denying motion to intervene in SEC action by divorcing spouse on the grounds that the movant's claims were factually inaccurate and that she did not even argue that she had a present interest in the funds); *SEC v. Prudential Secs., Inc.*, 171 F.R.D. 1 (D.D.C. 1997) (intervention sought due to alleged miscalculation of claims due to tax benefits).  To be clear, the parties to this class action are not seeking to intervene or consolidate the class action with the SEC action.  To the contrary, the

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Paul G. Gardephe
September 11, 2013
Page 3

SEC is apparently attempting to coordinate or consolidate its case with the class action, in order for the SEC to be able to distribute to shareholders any recovery it might obtain in coordination with the distribution of the class settlement.

<u>Finally</u>, the SEC's request for further delay would harm shareholders. As the SEC itself acknowledged as far back as in its February 2, 2012 letter to the Court, the Fund continues to incur significant expenses each month that it is kept open. *See* Enclosure 1 ("[t]he ongoing dissipation of the Expense Fund has real consequences for ultimate recovery by investors," and "there will be less and less available for investor recovery as time goes on."). The SEC's new refusal to enter into *any* settlement with defendants on *any* terms should not be allowed to further delay – and materially impair – the prompt recovery to shareholders through the class settlement.

The parties to the class action request that the Court reject the SEC's request to delay consideration of the class settlement, and schedule a conference to discuss these matters.

We appreciate the Court's consideration of the foregoing.

Respectfully submitted,

John C. Browne

Enclosure
cc (via email):
 John Dellaportas, Esq. (counsel for the Defendants)
 Fran Jacobs, Esq. (counsel for the Defendants)
 Mark Holland, Esq. (counsel for the Independent Trustees)
 Nancy Brown, Esq. (counsel for the SEC)

**EXHIBIT 1**

**EXHIBIT 1**



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
NEW YORK, NY 10281-1022

NANCY A. BROWN
TELEPHONE: (212) 336-1023
FACSIMILE: (212) 336-1319

February 2, 2012

**VIA EMAIL AND UPS OVERNIGHT**

Hon. Paul G. Gardephe
United States District Judge
United States District Court for the
    Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   SEC v. Reserve Management Company, Inc., et al;
       No. 09 Civ. 4346 (PGG)

Dear Judge Gardephe:

    We represent the Plaintiff, Securities and Exchange Commission, in this action. We write pursuant to the Court's Individual Practice No. 3(G) to alert the Court that more than 60 days have elapsed since the parties' Summary Judgment Motions were fully submitted and to request a conference to discuss the proposal we outline below.

    We recognize the enormous burden the parties have imposed on the Court by submitting more than 500 pages of briefing and declarations (plus the thousands of pages of paper exhibits and hours of audio recording exhibits) on our respective Motions for Summary Judgment alone. We remain confident that the Court would conclude that we are entitled to summary judgment, but we are concerned that asking the Court to devote the resources needed for a complete review of the parties' filings will consume considerable resources and take considerable time. For that reason, and in the interest of preserving assets for an ultimate distribution to investors, we respectfully propose that the Court defer consideration of these motions until after a trial.

    The ongoing dissipation of the Expense Fund has real consequences for ultimate recovery by investors. The Independent Trustees have recently informed us that expenses paid from the Expense Fund have run about $100,000 a month over the last three months – a period in which there have been few, if any, matters of substance requiring the attention of any of the Primary Fund's Independent Trustees or their professionals. From what we understand from the Trustees' counsel, monthly expenses of a similar magnitude can be expected for the foreseeable future, with necessarily higher expenses to be incurred, of course, should anything other than monthly maintenance issues arise.

Hon. Paul G. Gardephe  
February 2, 2012  
Page 2

      It is true that the Expense Fund is in little danger of running out of money any time soon. But, if the Commission prevails, and the Court decides that Defendants are not entitled to indemnification or management fees as a result, there will be less and less available for investor recovery as time goes on.

      We do not expect that the parties would need substantial time to prepare for trial, and we would anticipate that a trial would last no longer than two weeks. The Court can defer issues of law for post-trial consideration, and can resolve the other matters raised in recent briefing – such as the Commission's motion to strike Defendants' expert reports and Defendants' reliance on advice of counsel defense – in limine.

      We called Defendants' counsel to ask them to consent to our proposal. They declined to do so. However, we note that RMCI itself has conceded that this case presents "no novel or substantial questions of law," and that it is a "routine and largely fact-bound enforcement action." (Plaintiff RMCI's Reply Memorandum of Law in Further Support of Motion to Remand, Reserve Management Company, Inc. v. Willkie Farr & Gallagher LLP, et al., No. 11 Civ. 7045 (PGG) (DE 18), at 6.) If that is their position, Defendants should be as eager as we to see an early trial date set down so that the fact issues they believe to exist can be resolved.

      We are available for a conference at the Court's convenience.

      Respectfully submitted,

*/s/ Nancy A. Brown*  
Nancy A. Brown

cc (via email):

    John Dellaportas, Esq.  
    Tariq Mundiya, Esq.  
    Mark Holland, Esq.