# Duane Morris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
BOCA RATON
LAKE TAHOE

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

Docket and File

FRAN M. JACOBS
DIRECT DIAL: 212.692.1060
PERSONAL FAX: 212.202.6413
E-MAIL: fmjacobs@duanemorris.com

www.duanemorris.com

November 6, 2012

BY E-MAIL

Hon. Paul G. Gardephe
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   <u>SEC v. Reserve Management Company, Inc., et al., No. 09 Civ. 4346 (PGG)</u>

Dear Judge Gardephe:

    This letter is submitted on behalf of Defendants Reserve Management Company, Inc., Resrv Partners, Inc., Bruce Bent, Sr. ("Bent Sr."), and Bruce Bent II ("Bent II") (together referred to as "Defendants") to set forth Defendants' objection to the revised verdict form.

    As revised, the verdict form asks the jury to make findings about whether one or more of the Defendants acted knowingly or recklessly with respect to claims which do not require that the SEC establish scienter. Specifically, the verdict form asks the jury to make findings of knowing or reckless conduct as to Sections 17(a)(2) and (3) of the Securities Act and Sections 206(2) and 206(4) of the Advisers Act. Since the jury instructions for the Section 17(a)(2) and (3) claims state that a Defendant may be liable "if that defendant acted negligently" (Jury Instructions, p. 29), the jury is being given instructions that are at odds with the question the jury is being asked to answer on the verdict form.[1] We believe that this creates a serious risk of confusing the jury by making the jury uncertain about the state of mind required to impose liability on a claim which only requires a finding of negligence.

    To eliminate the possibility of confusing the jury, we propose either eliminating the state of mind element from the verdict form. This seems appropriate since no other element of the charges is included on the verdict form, and there is no reason to treat state of mind differently from the other elements. Alternatively, the Court could add the following language to the discussion of "negligence" that appears on page 29 of the revised jury instructions: "Where a claim only requires

---

[1]     We note that the charges for Section 206(2) and 206(4) and Rule 206(4)-8 have now been revised to states that "the SEC may prevail by demonstrating either scienter or negligence." (Jury Instructions, pp. 33, 35.)

DUANE MORRIS LLP

Hon. Paul G. Gardephe
November 6, 2012
Page 2

DuaneMorris

that the defendant acted 'negligently,' you may still find that the defendant violated the law if you find that the defendant acted knowingly or recklessly. Negligence is simply the minimum that you must find." Adding this language to the jury instructions would make it possible to remove at least three questions from the verdict form – Nos. 7, 10, and 13 – and would ensure that the jury instructions and verdict form were consistent, and that they accurately reflect the law.

Respectfully,

Fran M. Jacobs

Fran M. Jacobs

cc: Nancy A. Brown (by e-mail)
John Dellaportas